## Moses H. Amphlett and another v. Daniel B. Hibbard.

*Constitutional law: Homestead.* Our constitution exempts a homestead only as an entirety, and not a part of, or an undivided interest in a homestead.

*Homestead: Undivided half: Upper story of building.* Whether, under the statute (*Comp. L.,* §§ *6137–6145*), there is any practical mode, without further legislation, of working out and securing any homestead in an undivided half, at least where the claim of homestead is set up to the upper story only, of a building owned in common with another:—*Quære?*

*Ejectment: Homestead: Conveyance: Evidence.* In ejectment, where a homestead right is set up in defense to a mortgage foreclosure title, evidence of the conveyance of the property by the defendants to a third person after the time when they claim their homestead right attached, is admissible; such conveyance had a direct and very substantial bearing upon the question of their homestead rights.

*Mortgages: Purchase money: Parties: Wife: Homestead.* A mortgage for purchase money is a valid security, even against a homestead, though not signed by the wife.

*Foreclosure: Parties: Wife: Purchase money mortgage.* The wife of the mortgagor is not a necessary party to a bill to foreclose a purchase money mortgage given by the husband alone at the time of his purchase, notwithstanding she claims a homestead right in the premises.

*Undivided half: Warranty deed: Presumptions.* Where the owner of an undivided half of premises buys the other half, giving back a purchase money mortgage, not executed by his wife, upon the whole premises, and then with his wife conveys by warranty deed an undivided half, in general terms, to a third person, in an action of ejectment brought by the purchaser at foreclosure sale on said mortgage, against the mortgagor and his wife, who claim a homestead right, it will be presumed, in the absence of any evidence on the subject, that the half conveyed to such third person was that having the better title and the least liable to encumbrance, rather than the half wherein a purchase money lien had precedence of all homestead rights of the grantors.

*Homestead: Defense: Burden of proof.* Where the claim of homestead is set up in defense to an action of ejectment in a case where the plaintiff's right of recovery is clear, aside from the question of a homestead, the burden of proving the facts necessary to establish the homestead right is upon the defendants.

*Homestead: Mortgages: Husband and wife: Parties.* A mortgage executed by the husband alone upon a homestead is void, not only as to the wife, but also as to the husband.

*Homestead: Mortgages: Parties: Husband and wife.* A homestead mortgage which is void in its inception by reason of its not being executed by the mortgagor's wife, will not be made valid by a subsequent conveyance by the mortgagor and wife to a third person, though the property should cease to be a homestead.

*Heard April 24.. Decided May 5.*

Error to Ionia Circuit.

*Wells & Morse,* for plaintiffs in error,

*Kane & Hibbard,* for defendant in error.

CHRISTIANCY, J.

This was an action of ejectment brought by Hibbard against the plaintiffs in error, in the circuit court for the county of Ionia, to recover a small lot in the village of Ionia. The defendants below set up in defense on the trial the claim of a homestead right in said premises. The circuit judge upon the trial before himself without a jury, found and decided against the claim.

The following is his finding of facts and law:

"From the testimony in this case I find the facts to be as follows, to wit: August 29, 1867, John W. Amphlett and Moses H. Amphlett were tenants in common, each holding and owning an undivided half of lands in question. Upon that day, John W. and wife, by warranty conveyed his undivided half to Moses H. To secure purchase money, Moses H. gave to John W., the same day, a mortgage upon the entire property. The defendant Amanda E. did not join in said mortgage.

"*Second.* Subsequently said mortgage was foreclosed in chancery, sold by circuit court commissioner, and bid off by, and deed given to plaintiff, for four thousand two hundred dollars, leaving a surplus in the hands of the commissioner of nine hundred and twenty-seven dollars and sixty-four cents. The said Amanda E. was not a party to the fore-closure.

"*Third.* At the date of said mortgage, and from April, 1866, previous, said Moses H. and wife Amanda E., and family, had occupied a portion of said premises as a home, and have ever since, and now occupy.

"*Fourth.* At the date of said mortgage, there was a two-story building upon the premises, twenty-four by seventy feet. In the rear and attached thereto, was an addition or leanto, fourteen by twenty-four feet. The first story was occupied as a crockery store by said John W. and Moses H. The second story was occupied by Moses H. and family, as stated in No. three. The leanto was used partly by

family and partly for store purposes. No cellar under main building; an excavation of small cellar, unwalled, under leanto, used by family. The upper story had parlor, sitting room, dining room, kitchen, five bedrooms, pantry, and two clothes-presses. There was also a rain cistern under the leanto, used mainly by the family; occasionally a pail of water drawn and used for store purposes. The value of the premises at that date, six thousand dollars. The said defendant Moses H., during the spring of 1866, expended four hundred and fifty dollars in fitting up said dwelling for a house.

"*Fifth.* An abstract of title to the lands described in the declaration is hereto attached and marked "A," said abstract being a statement of the conveyances of the land in question from 1864 until 1873, inclusive, and have the same effect as proof as though the original conveyances were put in evidence, and the facts found accordingly.

"*Sixth.* A few days before commencement of this suit, defendant Amanda E. stated to plaintiff that she claimed an interest in the premises.

"*Seventh.* The foreclosure proceedings were regular.

"Upon the facts as stated the defendants claim a homestead in the premises, described in the plaintiff's declaration. The constitution has only exempted a homestead as an entirety, not a part of, or an undivided interest in a homestead. Judgment for the plaintiff and against defendant, and with costs.

(Signed.)     "LOUIS S. LOVELL,

"*Circuit Judge.*"

The judge was clearly right in holding that "the constitutionhas exempted a homestead only as an entirety, not a part of, or an undivided interest in a homestead." And I am inclined to think that the same is true of the statutes of 1848 and 1861 (*Comp. L.* §§ *6137–6145*), and that without further legislation there is no practical mode of working out and securing any homestead in an undivided half, more especially when the claim of a homestead is set up to the upper story only, of a building owned in common with an-

other. But I express no definite opinion upon the question, because I think it is not properly involved in the present case.

From the bill of exceptions it appears that the abstract referred to in the finding was introduced in evidence by consent of the respective parties, to stand in the place of the original conveyances and to have the same effect as evidence; the counsel for the defendant objecting to the abstract so far only as it showed a conveyance of an undivided half of said lands from the defendants Moses H. Amphlett and wife to Joseph W. Amphlett, dated June 13, 1870, recorded the same day, this being the only objection to the admission of evidence, and there being no complaint that any evidence was improperly rejected.

The errors assigned are: *First,* That the circuit judge erred in admitting the abstract of the deed from Moses H. Amphlett and wife to Joseph W. Amphlett, dated June 13, 1870;

*Second.* In deciding that the plaintiffs in error were not entitled to homestead rights in said premises; and (which is the same in substance)

*Third.* That the facts found do not support the judgment.

The first error assigned is very clearly untenable, and was not specially relied upon on the argument. The deed executed by the defendants below, to Joseph W. Amphlett, after the time when they claim their homestead right attached, had a direct and very material bearing upon the question of their homestead rights.

Under the second and third assignments of error, various points were relied upon which it is difficult to see the pertinency of under the facts appearing in the case.

It seems to be admitted that the mortgage of the undivided half of the premises, under the foreclosure of which the plaintiff below claimed title, being for purchase money, was a valid security upon that half of the property, though the wife did not join, and that it would take precedence of any homestead right in that half; and this is unquestion-

ably so, since the conveyance of that half to Moses H. and the mortgage back being contemporaneous acts and to be construed together as one, the title vested in the grantor only subject to that mortgage. But he insists that the mortgage being also upon the other half, and being a lien only for its amount, two thousand five hundred dollars, while the value of the whole was six thousand dollars, the property was ample to satisfy both the mortgage and the homestead; that "the foreclosure of the mortgae and sale of the premises did not affect the homestead right, for the reason that the wife did not join in the conveyance, and was not made a party to the foreclosure suit; that the foreclosure and sale created no tenancy in common, and even if the plaintiffs were, or either of them was, tenant or tenants in common with Hibbard, or any one else, and owned but half the undivided premises, they were entitled to have their homestead right protected *to that* extent at least, if not for the whole, and this though the homestead was confined to the upper story of a building owned in common," etc. But we are unable to see how more than one of these questions can arise or be considered under the facts of this case. And this is the question, whether in the case of a purchase money mortgage, given by the husband alone at the time of the conveyance, the wife is a necessary party to a bill of foreclosure; and as to this question, we see no substantial ground for requiring her to be made a party, nor can we see any such substantial benefit to arise from such a requirement, as would counterbalance the embarrassments which would arise from such a rule. As to the undivided half, therefore, covered by this mortgage, we must hold the foreclosure and sale as valid and effectual as if the wife had been joined.

As to the other undivided half, the force of the objection, whatever it might otherwise have been, is taken away, and all the other questions raised upon the argument rendered immaterial, by the state of the title, and especially the conveyance made by the plaintiffs in error, after their homestead rights, if any ever existed, had attached.

It was in the spring of 1866, while Moses H. Amphlett was a tenant in common of the premises with John W. Amphlett, that the upper story of the building was fitted up for, and became the dwelling of himself and family, while the lower story was occupied as a crockery store by both the tenants in common.

On the 29th of August, 1867, John W. conveyed to Moses H. his undivided half of the premises, and took back the purchase money mortgage described above, by which Moses H. became the owner of the whole, subject to that mortgage, and if he had continued so down to the time of the ejectment suit, or the trial of it, the question of parties as to the other half, and several of the other questions sought to be raised, might have become material. But as appears by the abstract, which is a part of the finding of facts, Moses H. Amphlett and wife, the plaintiffs in error (now claiming the homestead), by a warranty deed dated June 13th, 1870, conveyed to Joseph W. Amphlett the undivided half of all the land, and (there being no reservation) of the building also; and this was the position of the title at the time of the trial, so that this undivided half was not then owned by the plaintiffs in error, or either of them, and the wife as well as the husband had relinquished whatever homestead right they might otherwise have claimed in that half, and could set up no such homestead right to it; the constitution as well as the statute requiring the homestead to be owned as well as occupied by the claimants to bring it within the exemption.

If this conveyance made by the plaintiffs in error to Joseph W. Amphlett, of June 13th, 1870, had been confined specifically to the particular half bought of said Joseph W. at the date of the mortgage, this would leave Moses H. the owner of the other half, which he had previously owned and upon which the mortgage did not operate as a purchase money mortgage, and could not therefore cut off any homestead right they might have had in the latter half, not being signed by the wife. But if this conveyance of

June 13th, 1870, was specifically of the latter, instead of the other half, then, the wife having joined in the conveyance, and the mortgage title to the other half being good against the homestead without her signature, all their homestead rights in any of the property, if they had any, were gone. But so far as appears from the evidence, the conveyance was not confined specifically to either one of the halves, nor any particular half, but was simply of an undivided half of the lands, which might be either half, or consist in part of both. In fact there would seem to be no practicable method of distinguishing one of these halves from the other, except by reference to the chain or some portion of the chain of the title or conveyances, through which each was severally derived.

As the claim to a homestead right was set up by plaintiffs in error in defense to an action of ejectment, in a case where the plaintiff's right of recovery was clear unless such homestead right were shown, the burden of proof rested upon them to prove the facts necessary to establish the right; and if they claimed a subsisting homestead right in one-half the land, after their conveyance of one-half, the burden of proof, under the circumstances of this case, was upon them to show which half was conveyed by their deed of June 13th, 1870, and that it did not include the half upon which the mortgage did not operate as one for purchase money,—in other words, that Moses H. still retained the half in which the homestead right was not affected by the mortgage. In the absence of any evidence to show that one or the other of these specific halves was conveyed by their deed, they could not, I think, be entitled to elect which half should pass, or should have previously passed by their conveyance. If there were any such right of election, it would belong to their grantee, and not to them; and, being derived through distinct titles, the right of election might be of considerable value to the grantee, and it is to be presumed he would elect the half having the better title, since, as between him and the grantors, he had a right to one half having a good title.

The conveyance, too, was by warranty deed, and, so far as any presumption is allowable, it is fair to presume that if they intended to convey either half as distinct from the other, it was the half they had the right to convey, and which was clear from, or least liable to, incumbrance. Now, though the mortgage upon its face appeared to be equally upon both halves, though good and valid as against any homestead right in the half obtained from John W. Amphlett at the date of the mortgage, yet if they possessed a homestead right in the other half which was valid, as claimed by their counsel, then the mortgage as to this half was simply void, not only as to her, but also as to her husband ( *Dye v. Mann, 10 Mich., 291; Beecher v. Baldy, 7 Mich., 488* ); and that half of the land clear from its encumbrance, and, so far as shown by the evidence, clear from any other encumbrance.

And the mortgage being thus void in its inception as to that interest, would not be made valid by their subsequent conveyance, though the property should cease to be a homestead.

We think, therefore, the plaintiffs in error have failed to show any homestead rights in the premises; and the judgment of the circuit court must be affirmed, with costs.

COOLEY and CAMPBELL, JJ., concurred.

GRAVES, CH. J., did not sit in this case.