ELIZABETH SUTHERLAND v. CHARLES B. INGALLS AND
JAMES MORIARITY.

*Trespass for personal injury—Pleading—Evidence—Officers—
Service of process.*

1. In trespass for *personal* injuries *all* the circumstances of the trans-
action may be shown under the general issue, to have such *effect*
as they deserve in determining the verdict, by *mitigation* or
*otherwise.*[1]

2. A landlord placed a writ of possession in the hands of a deputy-
sheriff for service, who, meeting with opposition from the wife
of the tenant, handcuffed her, and kept her in that condition
while he executed the writ. She brought trespass against the
officer and the landlord, and recovered a *joint* judgment. There
was no proof of any violence on the part of the landlord, nor
was any alleged.

   *Held*, that the landlord could only be held as a *trespasser* by
showing that he was responsible for the conduct of the officer;
and he could only be so responsible for what was fairly within
the authority, if any, which he gave him.

3. No one can be held liable as a trespasser for employing an officer
to execute *lawful* process. It is the *right* of any one to have his
*regular* and *valid* writ served and enforced, and the officers of
the law are bound to perform that duty, and cannot be blamed
for doing it in a *legal* manner. Every one has a *right* to suppose
that the ministers of the law will not *abuse* their functions, and
no one who *lawfully* employs them is liable if they do. It is
only where the party himself *orders* or *encourages* lawlessness
that he can be treated as a joint wrong-doer, and then he is
liable because *actually* a trespasser, and to the extent of his own
misconduct.

Error to Menominee. (Grant, J.) Argued November 4,
1886. Decided November 11, 1886.

---

[1] In this case the defendant sought to justify on the trial under a
writ of possession and the anterior proceedings, but this evidence
was rejected on the ground of an alleged insufficient notice, the jury
being instructed that the *fact* of having such writ might be consid-
ered as affecting the question of *exemplary* damages.

Trespass to the person.   Defendant Ingalls brings error.
Reversed as to him.   The facts are stated in the opinion.

*B. J. Brown,* for appellant:

The assumption that Ingalls' liability was coextensive with
that of his co-defendant was erroneous: *Demick v. Chap-
man,* 11 Johns. 132; *Higby v. Williams,* 16 Id. 215; *Guille
v. Swan,* 19 Id. 381; *Welsh v. Cochran,* 63 N. Y. 184;
*Moore v. Sanborne,* 2 Mich. 529.

*A. C. Cook,* for plaintiff.

CAMPBELL, C. J.   Plaintiff recovered a verdict below in
trespass against both defendants, and Ingalls brings error.
The trespass was not *quare clausum fregit,* but for personal
violence, committed by Moriarity, who as an officer had a
writ of possession to serve for a house occupied by plaintiff's
husband and herself, which was adjudged to be given up
under the landlord and tenant act.   Ingalls had the writ
placed in the hands of Moriarity to serve, and the latter,
meeting with opposition from plaintiff, seized and handcuffed
her, and kept her so manacled for some time, while he put
out the contents of the house, and completed his service.

The general issue was pleaded, with a special plea setting
up that what was done was in overcoming unlawful resist-
ance to Moriarity as an officer in service of process.

On the trial the court held that, as there was no valid
notice, no justification could be shown, and refused to allow
an amendment.   It was further said to the jury that Ingalls
was jointly and equally liable with Moriarity for all that was
done by Moriarity.

We think this was erroneous.   It is questionable whether
any plea or notice could entirely justify what Moriarity did.
But in trespass all the circumstances of the transaction may
be shown under the general issue, to have such effect as they
deserve in determining the verdict, by mitigation or other-
wise.

There was no proof of any violence done by Ingalls himself, and none was alleged. He could only be made out a trespasser by showing that he was responsible for the conduct of Moriarity; and he could only be so responsible for what was fairly within the authority, if any, which he gave him. A man who employs another innocently, and for a lawful purpose, is not usually liable for his trespasses, and is not liable for aggravated and wanton wrong-doing in such damages as would be properly visited on him if himself sanctioning or doing it. *Nield v. Burton*, 49 Mich. 53; *Pigott v. Lilly*, 55 Id. 150; *Wood v. Detroit City Ry. Co.*, 52 Id. 402.

No one can be held liable as a trespasser at all for employing an officer to execute lawful process. It is the right of every one to have his regular and valid writ served and enforced. The officers of the law are bound to perform that duty, and cannot be blamed for doing it in a legal manner. Every one has a right to suppose the ministers of the law will not abuse their functions, and no one who lawfully employs them is liable if they do. *Michels v. Stork*, 44 Mich. 2. It is only where the party himself orders or encourages lawlessness that he can be treated as a joint wrong-doer, and then he is liable because he is actually a trespasser, and liable to the extent of his own misconduct.

There is nothing in the record which would justify putting Ingalls and Moriarity on the same footing, and we have discovered nothing to show that he was in any way whatever responsible as a trespasser.

The result of the ruling which put the two defendants in the same equal wrong was a heavy verdict, which may not have been excessive as to Moriarity, but was not in any way sustainable as to Ingalls, and, as he has taken out the writ on his own behalf, the judgment must be vacated as to him, and a new trial granted, with costs.

The other Justices concurred.