RUSSELL GIBBS v. JAMES N. O'NEIL.

*Ejectment—Parties.*

| 85 | 633 |
|----|-----|
| 116 | 216 |

In ejectment by a mortgagee, after the foreclosure of a purchase-money mortgage without making the wife of the mortgagor a party, to recover possession of the mortgaged premises, which are occupied by the mortgagor and his wife as a homestead, the wife is a necessary party; citing *Sessions v. Sherwood*, 78 Mich. 234.

Case made from Newaygo. (Palmer, J.) Argued April 17, 1891. Decided May 8, 1891.

Ejectment. Plaintiff assigns error. Affirmed. The facts are stated in the opinion.

*A. G. Day*, for appellant.

*George Luton* and *M. W. Underwood*, for defendant.

GRANT, J. This is an action of ejectment. It was tried before the court without a jury.

There is no such finding of facts in the case as the law requires. It is difficult to determine from the record where the finding begins and ends. There is nothing to show that certain statements appearing upon the record are the judge's findings of fact. The only conclusion of law that appears in the record is the statement in the bill of exceptions, "I decided in favor of defendant." The appeal ought, therefore, to be dismissed. But, inasmuch, as the appellant is entitled to a second trial under the statute, we will determine the principal question presented in the briefs of counsel.

The testimony showed that the defendant was married, and that he was in possession of the land,—40 acres,—

occupying and claiming it as a homestead. His wife was not made a party defendant, nor was she made a party defendant in the foreclosure suit through which plaintiff claims title. She was a necessary party, under the former decisions of this Court. *Sessions v. Sherwood,* 78 Mich. 234, and cases there cited. This rule is not changed by the fact that the mortgage was for the purchase money.

Judgment is affirmed, with costs.

The other Justices concurred.