JOACHIM SPALTI *vs.* FREDOLIN BLUMER *et al.*

Argued by appellants, submitted on brief by respondent, Jan. 29, 1894. Reversed Feb. 17, 1894.

No. 8440.

**Wife's interest in the husband's homestead.**

> A wife's interest in the homestead is such that she may protect it and may redeem from a mortgage having precedence of the homestead right. A foreclosure of such mortgage by action to which she is not a party will not affect her homestead interest.

Appeal by defendants, Fredolin Blumer, Sebastian Blumer and Matilda Blumer, from a judgment of the District Court of Washington County, *W. C. Williston*, J., entered February 13, 1893, in favor of plaintiff, Joachim Spalti, for the recovery of the possession of the south west quarter of section thirty two (32) T. 30, R. 20, in that county and for $200 damages for its detention and for costs. By consent the action was tried before the court without a jury. The court found that the defendant, Matilda Blumer wife of Sebastian Blumer had as against plaintiff no right or interest in the land and was not a necessary party to the former suit foreclosing plaintiff's equitable mortgage and ordered judgment for plaintiff. It was entered and defendants appeal.

*J. N. Castle,* and *C. B. Jack,* for appellants.

Mrs. Matilda Blumer should have been made a party to the foreclosure proceedings. As she was not, they are a nullity as to her. She had an equitable estate and interest in the homestead and an equity of redemption. Spalti has never foreclosed his mortgage as against her, and cannot maintain ejectment against her. *Brinkman* v. *Jones,* 44 Wis. 498; *Meighen* v. *King,* 31 Minn. 115; *Stuart* v. *Lowry,* 49 Minn. 91; *Mills* v. *Van Vorhes,* 20 N. Y. 412; *Wimberg* v. *Schwegeman,* 97 Ind. 532; *In re Rausch,* 35 Minn. 291.

*Kueffner, Fauntleroy & Searles,* for respondent.

The wife was not a necessary party to the foreclosure action cancelling the plaintiff's contract with her husband. This follows from the purchase money character of the transaction. *Foster* v. *Hickox,* 38 Wis. 408; *Hugunin* v. *Cochrane,* 51 Ill. 302.

GILFILLAN, C. J. Action in ejectment against Fredolin and Sebastian Blumer, and Matilda, wife of Sebastian.

October 1, 1873, one Gardner owned the premises, and on that day conveyed the same to Fredolin and Sebastian, and at the same time they executed to him a mortgage thereon to secure $4,000, being part of the purchase price. December 27, 1876, the $4,000 then being in part due and wholly unpaid, by an agreement between him and them the time for payment of the $4,000 was extended; and thereupon they conveyed the premises to him, and he executed to them a written agreement, agreeing to convey to them on being paid the $4,000 in annual installments of $500 each, with interest at eight per cent. per annum, and they agreeing to make such payments. Of course, this merely changed the form of the mortgage, and did not change the relation of the parties to each other, or to the land. July 30, 1884, there being—as represented by Sebastian to plaintiff—$4,500 unpaid on the mortgage, it was agreed between the two that plaintiff should pay that amount to Gardner, and, as security therefor, the latter should convey the real estate to plaintiff, who would thereupon execute to Fredolin and Sebastian a contract, the same as that executed (as above) by Gardner to them, and that plaintiff should have the same security held by Gardner.

To carry out this agreement, Fredolin and Sebastian, by writing on the margin of the record thereof, released the aforesaid agreement by Gardner to them. Plaintiff paid the latter the $4,500, and he conveyed the land to plaintiff, who thereupon executed to Fredolin and Sebastian an agreement to convey to them on being paid $4,500,—$500 September 1, 1885, and $4,000 September 1, 1890 —with interest, which they agreed to pay. Of course, this transaction was also a mortgage. An important question in the case is, was it a satisfaction and extinction of the mortgage held by Gardner, and the making of a new mortgage, or was it only a substitution of plaintiff in the place of Gardner as mortgagee? The court did not expressly find what was the intention of the parties; but, from the nature of the transaction as found, it is apparent the intention was to substitute plaintiff to the security previously held by Gardner.

In September, 1890, plaintiff brought an action against Fredolin and Sebastian for a strict foreclosure of the mortgage, and November 11, 1890, judgment was entered for such strict foreclosure unless those defendants should pay the amount found due within one year; and, they having failed to pay within that time, on December 15, 1891, final judgment was entered, making the foreclosure absolute, and barring all right of redemption of said defendants.

After the second transaction with Gardner, and before the transaction with plaintiff, Sebastian and the defendant Matilda married. She was not made a party to the foreclosure action, so that whatever rights she had in the land are not affected by the judgment. The land was a government quarter section. The court found "that upon the west half of said premises is situated a dwelling house in which, at the time of said conveyance to said plaintiff, there resided, and at all times since has resided, and now resides, the said defendant Sebastian with his family; that said Sebastian claims said west half of said premises as and for his homestead." Reference is made in respondent's brief to the fact that in Matilda's separate answer she claims as the homestead only the southwest ten acres of the tract, and it does not appear the house is on that ten acres. We are bound to presume, in the absence of anything showing the contrary, that the finding was properly made, not only

on sufficient evidence, but on proper evidence, and, if need be, to presume the issue, as found, was tried, without reference to any defect in the pleading.

Upon a careful perusal of the record, including the memorandum of the court below, we suspect that the question on which the case has to be decided here, and which is clearly in the record, was not distinctly brought to its attention. We infer that the defendants insisted there mainly on the proposition that the transaction between Gardner, plaintiff, Fredolin, and Sebastian was a satisfaction and discharge of the Gardner mortgage and the making of a new one to plaintiff, and that, the wife not having joined in it, it is void as to the homestead; and that the position of Matilda, the wife, in respect to the homestead, if the transaction was only a continuation in plaintiff of the Gardner mortgage, was to some extent overlooked. But the matter is distinctly presented here by the defendants, and must be decided. The respondent insists, as we think was his contention in the court below, that the transaction last referred to was, in effect, but a substitution of plaintiff for Gardner in a purchase-money mortgage, (and the effect of the finding is that it was such,) and that there can be no homestead right as against such a mortgage. When carried to the extent necessary to aid the respondent in this case, there·is no basis for the proposition.

A purchase-money mortgage takes precedence of any other right or interest in or lien on the premises through the grantee, the mortgagor. Such rights, interests, or liens may be acquired, but they are subject to the mortgage. For instance, a docketed judgment against the grantee will attach as a lien; but, though docketed before the date of the mortgage, the lien will be subject to it. The mortgagor may, subject to the mortgage, convey or incumber the property, or do anything with it that an owner may do with his property. He may, within the provisions of the statute, make it his homestead, and if he do his wife thereby acquires an interest which will continue as long as she lives and the homestead continues. Her interest may be defeated by enforcement of a lien which takes precedence of it,—as by a mortgage executed by herself and husband, or a purchase-money mortgage executed by the husband alone, or any mortgage executed by him before the marriage. But, like any one else having an interest, she has the right

to protect her interest,—the right to redeem from and pay off any lien which might defeat it. That right cannot be barred by a proceeding to which she is not, in contemplation of law, a party. In this respect the defendant Matilda stands, in regard to plaintiff's mortgage, just as any one else having an interest subject to it. The decree in the action against Fredolin and Sebastian did not affect her. So far as she is concerned, the plaintiff's position is that of a mortgagee before foreclosure.

Judgment reversed, and new trial ordered.

(Opinion published 58 N. W. Rep. 156.)