## JACOB MAATTA v. AUGUST KIPPOLA.

*Homestead—Leased premises—Husband and wife.*

1. A lessee of lands who erects a dwelling-house thereon, and actually occupies the lands, is entitled to a homestead exemption.

2. Where a tenant at will erects a house on the leased land, and with his wife occupies the same as a home, an assignment of his leasehold interest, made with the assent of the lessor, is ineffectual to convey the homestead rights thus acquired, if not signed by the wife.

Error to Houghton. (Hubbell, J.) Submitted on briefs June 26, 1894. Decided September 25, 1894.

Summary proceedings to recover the possession of land. Complainant brings error. Affirmed. The facts are stated in the opinion.

*W. F. Riggs,* for appellant.

*A. T. Streeter,* for defendant.

MONTGOMERY, J. This is a summary proceeding to recover possession of real estate. The facts were agreed to on the trial before a jury in the court below as follows:

For two years and upwards prior to December 21, 1891, the defendant was a tenant at will of the Hungarian Copper Company, and occupied the lands in question as such tenant at will, and at an annual rent of $100. During the time defendant so occupied said lands as tenant at will under the said Hungarian Copper Company, he, the defendant, built the house mentioned and described in the complaint, and from the time he so built said house he and his family have occupied said house as a home continuously until the present time, and he has had and has no other home or homestead. On the 21st day of December, 1891, defendant assigned his interest in said lands by an instrument in writing, which, after reciting a consideration of one dollar and other valuable consideration, proceeded:

"I hereby transfer, set over, and assign to Henry Keronen all my farming rights in and to the following described lands, including all dwellings, barns, and other buildings thereon, with the right to enter and occupy the same, including all agricultural improvements, leases, and agreements of what kind so ever" (describing the lands).

This was signed by the defendant, but not by his wife. The assignment was assented to by the landlord, and Henry Keronen paid to the landlord $220 of back rent, and thereupon Keronen moved upon the premises, and occupied said premises and a part of the dwelling mentioned in the complaint from December 21, 1891, until December 19, 1892, when he sold to complainant. This assignment was also in writing, approved by the agent of

the lessor, and since its date complainant has paid the ground rent.[1]

The contention of the defendant is stated in the bill of exceptions to have been that—

" The sale and assignment from the said defendant to said Henry Keronen was made without the consent and signature of the wife of said defendant, and that the said defendant and his wife had, at the time of said assignment to said Henry Keronen, homestead interests and rights in said house," " which," as is stated in the bill of exceptions, " is the only question of law involved in this suit."

The circuit judge held in accordance with the contention of defendant, and we think correctly. A lessee of lands who erects a dwelling-house thereon, and actually occupies the lands, is entitled to a homestead exemption. *Pelan v. De Bevard*, 13 Iowa, 53; *Conklin v. Foster*, 57 Ill. 104; *Johnson v. Richardson*, 33 Miss. 462; Thomp. Homest. § 176; Smyth, Homest. § 117. It is said in appellant's brief that—

"If the wife acquired homestead rights and interests in the premises by reason of her husband's occupancy as tenant at will, then these rights would be good against everybody, the Hungarian Copper Company not excepted. This would lead to a new and original way in acquiring real estate, hitherto unknown."

But the fact that the wife acquired homestead rights as against a creditor of or a purchaser from the husband does not impair the right of the landlord, under whom the husband held. The law only exempts the homestead from sale under execution, or from private sale without the concurrence of the wife, and does not divest the right

---

[1] The defendant, after assigning to Keronen, continued to reside in one portion of the house, and when Keronen, who is the father-in-law of defendant, removed from the premises, defendant took possession of the entire house, and refused to vacate, and this proceeding was instituted.

of the owner of the land, nor impair any remedy which the law gives him. *Buckingham v. Buckingham,* 81 Mich. 89.

Judgment is affirmed, with costs.

McGrath, C. J., Grant and Hooker, JJ., concurred. Long, J., did not sit.