HAVILAND v. CHASE.

1. TRESPASS—JUSTIFICATION—WRIT OF ASSISTANCE—HOMESTEAD.
    One who forcibly ejects a wife from her homestead cannot justify under a writ of assistance issued in a proceeding against the husband alone, instituted at a time when the wife was also in possession.

2. SAME—EVIDENCE—ADMISSIBILITY OF WRIT.
    In a suit for trespass to the person based upon the forcible removal of plaintiff from premises which she was occupying with her husband as a homestead, a writ of assistance directed against the husband, under which the defendant assumed to act, is admissible in evidence, not as a justification, but as a part of the *res gestæ*, and as bearing upon the question of damages.

3. SAME—PUNITORY DAMAGES.
    An instruction in trespass *vi et armis* that the jury may award damages "by way of punishment," if defendant, in the commission of the trespass complained of, was actuated by malice or a reckless disregard of plaintiff's rights, is erroneous; compensatory damages being the limit of recovery in civil cases, —at least where unaffected by statute.

Error to Livingston; Smith, J.   Submitted January 25,
1898.   Decided March 15, 1898.

Trespass *vi et armis* by Edith Haviland against Almon
L. Chase, Chauncey M. Wellman, and Thomas Gordon,
Jr.   From a judgment for plaintiff, defendants bring error.
Reversed.

*William P. Van Winkle* and *Dennis Shields*, for
appellants.

*Louis E. Howlett* and *Watts, Bean & Smith*, for
appellee.

MONTGOMERY, J.   The plaintiff brought suit for tres-
pass to the person, and gave evidence tending to show that
while she was living in a house in Iosco township, Living-
ston county, where she had resided for some 11 years, with
her husband, Charles J. Haviland, defendants forcibly
removed her from the premises; that she was not at the
time in good health; and she also offered testimony to show
some other circumstances of aggravation.  The defend-
ants attempted to justify under a writ of assistance in the
hands of defendant Chase, who was at the time sheriff.
This writ was issued in a proceeding against Louis A.
Haviland, Louis J. Haviland, and Charles J. Haviland,
which was instituted in 1888, at the time when plaintiff
was occupying the premises with her husband.   The case
really presents but few questions.

It is contended that there was no evidence connecting
Gordon with the trespass, but we think the testimony was
ample both as against him and the defendant Wellman.

Error is assigned upon the refusal to admit the writ in
evidence.   This writ was no justification, but we think it
was admissible as a part of the *res gestœ*, and as bearing
on the question of damages, within the holding of this
court.   *Sutherland* v. *Ingalls*, 63 Mich. 620.   We think
it clear that the writ could afford no authority as against
the plaintiff.   She had such a right in this homestead as

entitled her to be made a party. *Spalti* v. *Blumer*, 56
Minn. 523. We have held that in ejectment the wife in
actual occupancy of the homestead is a necessary party
(*Sessions* v. *Sherwood*, 78 Mich. 234; *Kalkes* v. *Storms*,
93 Mich. 480), and that this is equally necessary in a case
where the plaintiff is proceeding after the foreclosure of a
purchase-money mortgage. *Gibbs* v. *O'Neil*, 85 Mich.
633. The reason for this is clear. The fact that the home-
stead right may be subordinate to the lien of the mortgage
does not bar the right of the wife to reedeem from such
mortgage in protection of her homestead right. See
*Spalti* v. *Blumer, supra.*

We feel constrained to hold that the learned circuit
judge erred in the instruction given to the jury on the sub
ject of damages. The court charged:

"I have already given you some general instructions
relative to the question of 'actual damages;' that is, the
amount of the actual loss suffered or sustained by the
plaintiff by reason of the trespass complained of. There
is in the law another element of damages designated as
'exemplary' or 'punitive' damages. Such damages, if
given at all, are only given by way of punishment of the
defendants in case that, in the commission of the trespass
complained of, they were actuated by malice or a reckless
disregard of plaintiff's rights."

The rule has obtained in this court for many years that
damages in civil cases should be limited by some rule of
compensation. This rule was announced, upon full con-
sideration, in *Scripps* v. *Reilly*, 38 Mich. 10, and has been
adhered to since. It is true, charges have been sustained
where exemplary damages have been referred to as "pun-
itory" or "vindictive" (*Ross* v. *Leggett*, 61 Mich. 452);
but the court has in no case not depending on statute
given sanction to the distinct instruction that the jury
may award a sum by way of punishment to the defend-
ant, by whatsoever term such sum may be designated.
The law recognizes that acts of indignity to the person or
reputation may give an added smart or injury to the feel-
ings if actuated by malice or committed in wanton disre-

gard of plaintiff's rights; but the theory upon which damages are increased because of these motives is that the injury is deemed to be greater.    Therefore it has been held that an instruction that the jury may award damages by way of punishment is improper.    *Stuyvesant* v. *Wilcox*, 92 Mich. 233; *Stilson* v. *Gibbs*, 53 Mich. 283; *Wilson* v. *Bowen*, 64 Mich. 133; *Lucas* v. *Railroad Co.*, 98 Mich. 5.

The only apparent exception to this rule is created by statute,—section 2283b8, 3 How. Stat., which provides for the recovery of actual and exemplary damages.    In my own view, the recovery under this statute ought not to include smart money, but should be limited to such increased compensation for injury to feelings as could fairly be said to follow from wanton or willful invasion of rights (see *Ford* v. *Cheever*, 105 Mich. 679); but the statute has not always had this construction.    The present case does not, however, arise under the statute.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.