FOWLER v. BRACY.

LAND CONTRACTS — FORECLOSURE — HOMESTEAD—PARTIES.

The wife of a contract purchaser of land has no homestead right therein as against the seller, and is not, therefore, a necessary party to a suit to foreclose the lien of the contract. *Amphlett* v. *Hibbard*, 29 Mich. 298, followed; *Haviland* v. *Chase*, 116 Mich. 214, overruled.

Appeal from Clare; Dodds, J.  Submitted April 11, 1900.  Decided May 18, 1900.  Rehearing denied July 7, 1900.

Petition by Arthur E. Fowler against Frank W. Bracy for a writ of assistance.  From an order granting the writ as to part of the land only, petitioner appeals.  Modified.

*Arthur J. Lacy* and *George P. Stone*, for petitioner.

*George J. Cummins*, for defendant.

MONTGOMERY, C. J.  The complainant, in April, 1895, entered into a contract to sell defendant certain lands in Clare county.  The contract contained the usual stipulation giving the purchaser the right to possession, and the usual stipulation that in case of default the vendor might treat the purchaser as a tenant holding over without permission.  Defendant and his wife entered into possession, and have since retained possession.  A portion of the land constitutes their homestead.  Defendant defaulted in his payments, and complainant instituted this suit to foreclose the land contract.  A decree was entered authorizing a sale to satisfy the unpaid portion of the purchase price.  A sale was had, and complainant became the purchaser.  Possession was demanded and refused, and thereupon a petition for a writ of assistance was filed.  The defendant answered, setting up a homestead right, and

claiming that, inasmuch as Mrs. Bracy was not made a party to the foreclosure proceeding, their homestead right had not been cut off.   The circuit judge refused to issue the writ as against the 40 acres occupied as a homestead, but granted it as to the remainder.   Complainant appeals.

The sole question, therefore, is whether, in a suit in equity to foreclose the lien of a land contract, the wife of the contract purchaser is a necessary party, when, as in this case, a portion of the land which is the subject of the contract is a homestead.   This question must be answered in the negative.   Stating the rights of the contract purchaser most broadly, they cannot be greater than a purchaser under a deed of conveyance who gives back a purchase-money mortgage.   Indeed, this is the relation which equity accords to the parties; that is to say, equity treats the purchaser as the holder of the title, subject to the lien of the vendor for the purchase price.   The question involved has been determined by this court in the case of *Amphlett* v. *Hibbard*, 29 Mich. 298.   This case has not been overruled or questioned, so far as we have been able to discover.   See, also, *Kuhnert* v. *Conrad*, 6 N. Dak. 215 ( 69 N. W. 185 ).   True, it is held in numerous cases that the homestead right cannot be cut off by a proceeding to which the wife is not a party, but in this case, as in *Amphlett* v. *Hibbard*, the wife has no homestead interest as against the complainant's claim.   The protection of the homestead is protection against creditors.   *Patterson* v. *Patterson*, 49 Mich. 177 (13 N. W. 504); *Maatta* v. *Kippola*, 102 Mich. 116, 118 ( 60 N. W. 300); *Robinson* v. *Baker*, 47 Mich. 619 (11 N. W. 410).

The order will be modified, and the full relief prayed will be granted.

The other Justices concurred.

### ON APPLICATION FOR REHEARING.

PER CURIAM.   A motion for a rehearing has been made in this case, and our attention directed to the case of

*Haviland* v. *Chase*, 116 Mich. 214 (74 N. W. 477, 72 Am. St. Rep. 519). This case was not called to our attention by counsel in the main brief, and was overlooked by the court. On the hearing of *Haviland* v. *Chase*, the case of *Amphlett* v. *Hibbard* was not cited by counsel, and escaped our attention. There are two lines of cases outside this State. *Kuhnert* v. *Conrad*, 6 N. Dak. 215 (69 N. W. 185), is in line with our decisions in *Amphlett* v. *Hibbard*, 29 Mich. 298, and in the present case; while *Spalti* v. *Blumer*, 56 Minn. 523 (58 N. W. 156), supports the holding in *Haviland* v. *Chase*. Inasmuch as the decision in *Amphlett* v. *Hibbard* established a rule of procedure which may have been acted upon in establishing property rights, we adhere to our former opinion, following the rule laid down in that case, and overrule *Haviland* v. *Chase* in so far as it is in conflict with this holding.