BRIGNARDELLO v. COOPER.

Opinion delivered January 4, 1915.

1. MORTGAGES—FORECLOSURE—WIFE AS PARTY DEFENDANT.—The wife is not a necessary party to a suit to foreclose a mortgage executed by her husband, save for the purpose of barring her inchoate right of dower.

2. HOMESTEAD—NATURE OF—ABANDONMENT.—The homestead right depends upon the impressment as such, and the continued occupancy thereof; and the right may be destroyed by abandonment.

3. Mortgages—foreclosure—right of wife to claim homestead.— Where in an action to foreclose a mortgage on property belonging to a married man, he sets up a claim to the homestead, and his claim is ineffectual, an adjudication against him will bar any right his wife may have had to assert a similar claim.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

*M. S. Cobb,* for appellants.

1. The mortgage was void. It was a homestead and the wife did *not* join in the execution of the mortgage nor acknowledge it. 94 Ark. 107; 26 L. R. A. (N. S.) 574; 57 Ark. 242; 60 *Id.* 270; 64 *Id.* 493; 71 *Id.* 286; 144 Ill. 203; 118 Iowa 458; 41 N. W. 317; 33 Kan. 53; 22 So. 134; 18 *Id.* 318; 108 Ark. 297; 69 *Id.* 596; 80 N. W. 1087. The residence of the husband is the residence of the wife. 29 Ark. 280; 27 Miss. 704; 34 L. R. A. 287, and cases *supra.*

2. The question is not *res adjudicata,* nor is the wife estopped. 94 Ark. 107.

3. The wife had the right to intervene by bill in the nature of a bill of review. 81 Ark. 154; Kirby's Dig., § § 3902-3; 108 Ark. 297; 58 Ga. 403; 7 Dillon 351; 14 R. I. 55; 36 L. R. A. 385, and note.

*Charles C. Sparks* and *Martin, Wootton & Martin,* for appellees.

1. The wife can not maintain the action. 3 Enc. Pl. & Pr., p. 590; 104 Ark. 567; 94 Ark. 107; Story, Eq. Pl., § 421; 98 Ark. 15.

2. The homestead claim is *res judicata.* Kirby's Dig.,§ 3902; 94 Ark. 110; 108 Ark. 297; 59 *Id.* 211; 104 *Id.* 316; 101 *Id.* 104; 68 *Id.* 79.

3. Appellants never impressed this property with the character of the homestead. 69 Ark. 597; 1 Martin Chy. 40; 57 Ark. 179; 76 *Id.* 575; 78 *Id.* 479; 84 *Id.* 362; 94 *Id.* 107.

McCULLOCH, C. J. Appellant, Dominic Brignardello, an Italian by birth, came to this country many years ago and left his wife and child in his native land. He settled in Memphis, Tennessee, and lived there several years and then moved to the city of Hot Springs, in this State, where he still resides. He became the owner of certain lots of real estate in Hot Springs, on which a house is situated, and he mortgaged the property to appellee, Cooper, to secure payment of a debt for borrowed money. His wife did not join in the conveyance. She had not come to this country at that time, and, according to the testimony of appellee and his witnesses, said appellant held himself out as an unmarried man and obtained the loan from appellee on the faith of such representation. Appellee instituted an action against said appellant in the chancery court of Garland County to foreclose the mortgage, and was met with the plea that said appellant was a married man, that the property embraced in the mortgage was his homestead and that the mortgage is void on account of the fact that the wife of the mortgagor had not joined in the execution of the instrument. Issue was joined on that plea, evidence was adduced, and the court rendered a decree in favor of appellee, foreclosing the mortgage. There was no appeal from that decree. Subsequently, appellants, Dominic Brignardello, and his wife, Mariah Brignardello, instituted this proceeding in the nature of a bill of review, praying that the decree of foreclosure be set aside and the mortgage declared to be void on the same ground which had been pleaded in the former suit, namely, that the mortgaged property constituted the homestead of the mortgagor and that the wife had not joined in the execution of the instrument. The court sustained a demurrer to the bill and rendered a decree dismissing it.

If the wife is entitled to relief, under the facts stated, she can have that relief in an independent suit and this proceeding can be so treated. It is therefore unnecessary to decide whether or not she can attack the decree by proceedings in the nature of a bill of review.

(1-2)    The wife is not a necessary party to a suit to foreclose a mortgage executed by the husband, save for the purpose of barring her inchoate right of dower. To hold otherwise would be to say that the wife's interest in the homestead is direct and not one derived from the fact that it is the homestead of the husband as the head of the family. The homestead right depends upon the impressment as such and the continued occupancy thereof. He may abandon it and thus destroy the homestead right. *Pipkin* v. *Williams,* 57 Ark. 242; *Sidway* v. *Lawson,* 58 Ark. 117; *Farmers Building & Loan Association* v. *Jones,* 68 Ark. 76; *Mason* v. *Dierks Lbr. & Coal Co.,* 94 Ark. 107; *Stewart* v. *Pritchard,* 101 Ark. 101; *Brown* v. *Brown,* 104 Ark. 313; *Newman* v. *Jacobson,* 108 Ark. 297.

(3)    We have a statute here which provides that "a debtor's right of homestead shall not be lost or forfeited by his omission to select and claim it as exempt before the sale thereof on execution    *    *    *    but he may *    *    *    set up his right of homestead when suit is brought against him for possession, and if the husband neglects or refuses to make such claim his wife may intervene and set it up; provided, if the debtor does not reside on his homestead, and is the owner of more land than he is entitled to hold as a homestead, he or his wife, as the case may be, shall select the same before sale." Kirby's Digest, § 3902. Now, this statute, so far as its terms are expressed, applies to sales of the homestead under execution, and it is only by analogy that it can be applied to a suit in equity to foreclose a mortgage. It will be seen that the statute gives the wife the right to select and claim the homestead only in case the husband "neglects or refuses to make such claim," and it can have no analogous application except in those cases. So, if the wife has the right to intervene in a foreclosure suit for the purpose of claiming the homestead, it is only where the husband fails to claim it, and such is not the case here. The husband did set up the claim to the homestead and his claim proved ineffectual. He failed to suc-

cessfully maintain his claim, and there has been an adjudication against him which bars the right of the wife to assert a similar claim. *Farmers Building & Loan Association* v. *Jones, supra.*

In the case just cited, which was a suit against the husband and wife to foreclose a mortgage, in the execution of which the wife had not joined, the court said: "While the act of March 18, 1887, is a limitation upon the right of the husband to convey his homestead, except by the consent of his wife, it does not in any manner affect or restrict his right of abandonment. This right he has by virtue of his marital and parental authority, and when he has chosen to exercise it, as he did here, he renders the property which had formerly been his homestead the proper subject of alienation without his wife's concurrence. * * * He could not be heard after the execution of the mortgage, under the circumstances, to say that he had not abandoned his homestead; and if there was an abandonment by him, his wife is bound by it." It follows, therefore, that a decree against the husband, which adjudicated all of the questions relating to the right to claim the homestead necessarily bound the wife to the extent of her right to claim the homestead.

Appellants rely on the decision in *Montgomery* v. *Dane,* 81 Ark. 154, as sustaining their contention, but that case involved the right of a purchaser at execution sale. The husband failed to claim the homestead and the wife, being still in possession, was accorded the privilege of asserting the claim to the homestead and protecting it from the effect of the sale. The decision followed the case of *Newton* v. *Russian,* 74 Ark. 88, and other cases holding that where the wife continued to occupy the homestead there was a presumption that the husband, who had deserted his family, would return to his duty, and that under those circumstances there was, in law, no abandonment of the homestead. Counsel also rely on the case of *Mason* v. *Dierks Lbr. & Coal Co., supra,* but in that case there had been no assertion of the homestead claim by the husband and the wife was

permitted to make the claim after his death. It was not decided in that case that the husband had in fact abandoned the homestead; and the debt being void as to the wife, she was permitted to assert her homestead claim after the husband's death.

Our conclusion in this case, therefore, is that the wife is bound by the adjudication against her husband and can not reassert the homestead claim. The decree does not, of course, bar her dower right. Affirmed.

HART and KIRBY, JJ., dissent.