## BOTHE *v.* GLEASON.

Opinion delivered December 4, 1916.

1. REDEMPTION—SALE—FORECLOSURE OF VENDOR'S LIEN.—There is no statutory right of redemption under a sale to foreclose a vendor's lien.

2. VENDOR'S LIEN—FORECLOSURE—WIFE CANNOT REDEEM.—Where there is a foreclosure of a vendor's lien against the contract purchaser, the purchaser's wife is bound by it so far as her right to claim dower, and she has no right of redemption after the husband's right is cut off by the foreclosure.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

Appellant *pro se.*

1.　The wife was not a necessary party to the suit. She had no dower right nor right to redeem.　14 N. E. 901-3; 13 *I d.* 245; 106 Ark. 79, 83; 66 *I d.* 49a; 107 *Id.* 40; 25 *I d.* 52-59; 29 *I d.* 591-6; 39 Cyc. 1859-60; 17 So. 45; 82 N. W. 892; 2 Am. Rep. 303; 76 N. E. 350-2; 2 Ohio C. C. 70; 50 N. E. 933-5; 69 *I d.* 523-6; 81 Am. Dec. 242; 15 Pet. 21; 22 Oh. St. 435; 66 N. E. 245, 547; 185 S. W. 1000; 60 Ark. 180.

*O. M. Young* and *Geo. C. Lewis*, for appellee.

1.　The wife had the right to redeem—she was a necessary party.　Wiltsie on Mortg. Forecl., § 155; *Ib.* 156; 4 L. R. A. 606; 20 N. Y. 412; Jones on Mortg., § 1067; Tiffany Mod. Law of Real Prop., 436 and note to § 184; 66 Am. St. 467; 27 Cyc. 1807; 54 Ark. 275.

McCulloch, C. J.　Appellant was the purchaser of the lands in controversy at a judicial sale, and appeals from the decree of the court permitting the wife of one of the defendants in the suit in which the original decree was rendered to redeem.　The original suit was instituted by C. F. Prang against certain parties, including John C. Gleason, the husband of appellee, Edith O. Gleason, to foreclose a vendor's lien on the lands in controversy.　The chancery court granted the relief and entered a decree ascertaining the amount of the indebtednness due as purchase price of the land and ordered the land sold by a commissioner.　The sale was duly made by the commissioner and appellant, H. Bothe, became the purchaser, and the sale was reported to the court, and when it came up for confirmation, appellee, Edith O. Gleason, intervened for the purpose of redeeming from the sale and the court permitted her to redeem.

(1)　There is a question presented in the case as to the amount required in redemption, if redemption be allowed at all, but we need not go into that if we reach the conclusion that appellee had no right to redeem. There is no statutory right of redemption under a sale to foreclose a vendor's lien.　*Priddy & Chambers* v. *Smith*, 106 Ark. 79.

The decision turns on the question whether or not the wife of a purchaser of land is a necessary party to a suit to foreclose the vendor's lien for purchase money, for if the wife is not a necessary party to the suit, she has no right to redeem after the husband's right of redemption is foreclosed by the sale.

In the Cyclopedia of Law and Procedure (Vol. 39, page 1859), the rule is broadly stated that "the wife of the purchaser is neither a necessary, nor a proper, party to a suit to foreclose a purchase money lien upon land purchased by her husband unless the title to the land is in her, since no homestead right can exist as against the purchase money." The same may be said with respect to the dower right, for no such right can exist as against the debt for the purchase money. Kirby's Digest, § 2691; *Birnie* v. *Main,* 29 Ark. 591. The rule stated in the encyclopedia is sustained by numerous authorities. *Amphlett* v. *Hibbard,* 29 Mich. 298; *Fowler* v. *Bracy,* 124 Mich. 250; *Sarver* v. *Clarkson,* 156 Ind. 316; *Porter* v. *Teate,* 17 Fla. 813; *Mutual Building Association* v. *Wyeth,* 105 Ala. 639; *Kuhnert* v. *Conrad,* 6 N. Dak. 215; *Waldon* v. *Davis* (Texas), 185 S. W. 1000.

In *Fowler* v. *Bracy, supra,* the Michigan court, in disposing of the question, said: "The sole question, therefore, is whether in a suit in equity to foreclose the lien of a land contract the wife of the contract purchaser is a necessary party, when, as in this case, a portion of the land which is the subject of the contract is a homestead. This question must be answered in the negative. Stating the rights of the contract purchaser most broadly, they can not be greater than a purchaser under a deed of conveyance who gives back the purchase money mortgage. Indeed this is the relation which equity accords to the parties; that is to say, equity treats the purchaser as the holder of the title, subject to the lien of the vendor for the purchase price."

The authorities do not appear to be entirely in accord, at least so far as concerns the necessity for joining the wife as a party in a suit to foreclose a mortgage. In the last edition of Wiltsie on Mortgage Foreclosure (section 155), the rule is stated to be that the wife is a necessary party to a suit to foreclose a mortgage, and that her rights will not be affected unless she is made a party. Cases are cited which support the text. Notwithstanding the fact that in equity the parties to a vendor's lien and to a mortgage are treated as the same, a distinction may be found in a foreclosure proceeding so far as relates to the necessity for making the wife a party. The distinction is this: The wife in the mortgage foreclosure may have a defense separate and apart from her husband, for instance, that she did not sign the mortgage or that she was coerced into signing it; whereas the wife has no separate defense against the vendor's lien, for if the husband is bound she is bound, too. In other words, the wife has no dower right as against a vendor's lien under any circumstances, and any defense to a suit is necessarily a common one between the husband and wife. This distinction, however, does not seem to be observed in the line of cases cited holding that the wife is not a necessary party. At any rate, the decisions of this court place it in accord with those cases which hold that the wife is not a necessary party.

In *McWhirter* v. *Roberts*, 40 Ark. 283, and *Fourche River Lumber Co.* v. *Walker*, 96 Ark. 540, the court decided that the widow of a deceased mortgagor is not barred of dower by decree of foreclosure, though she was a party to the suit, unless her right to dower was directly put in issue. In the McWhirter case, Chief Justice English, speaking for the court, said: "The purpose of the foreclosure suit was to bar the equity of redemption of the administrator and heirs of the mortgagor. The widow had no equity of redemption in the lands. She had a dower right in them which was paramount to the title of the mortgagees and the mortgagor, or persons claiming under him. There was

no allegation of the bill calling in question or tendering an issue as to her right of dower, if it could have been litigated in a foreclosure suit. She admitted, it seems, the allegations of the bill to be true, and consented to a decree of foreclosure, which it is not probable she would have done had it been alleged that she had no right to dower in the lands, or had it been understood by her that the effect of the decree would be to bar her right of dower."

In line with those cases, we said in *Brignardello v. Cooper*, 116 Ark. 103, that "the wife is not a necessary party to a suit to foreclose a mortgage executed by her husband, save for the purpose of barring her *inchoate* right of dower." Now, if we had held that the wife was a necessary party to the foreclosure suit, the conclusion therefrom would have been that if she was in fact made a party she would be necessarily barred by the decree, for she could not have been made a party for any other purpose. And since we held that she was not bound by the decree unless her right to dower was made an issue, it follows from those decisions that she is not a necessary party. If the wife's *inchoate* right of dower exists, then it can not be barred except by an express adjudication, but if it does not in fact exist as against the vendor's lien, the failure to make her a party does not give her the right to redeem, as her *inchoate* dower right subject to the vendor's lien, falls with the foreclossure against her husband.

We decided in *Brignardello v. Cooper, supra,* that in a mortgage foreclosure suit against a husband, the wife, though not a party, was bound by the adjudication that the property did not constitute the homestead, and it necessarily follows that where there is a foreclosure of the vendor's lien against the husband, the wife is bound by it so far as her right to claim dower, and that she has no right of redemption after the husband's right is cut off by the foreclosure.

The chancery court erred in allowing the appellee to redeem, and the decree is reversed and the cause re-

manded with directions to dismiss the intervention of
Edith O. Gleason and to confirm the commissioner's
sale to appellant.