## THERESE THEISEN v. JOHN JOHNS.

*Liquor traffic—Sale to minor—Action by parent—Damages—Jury—*
*Challenge for cause.*

1. In a suit involving the alleged *illegal* sale of liquor, a juror is subject to challenge for cause who swears on his *voir dire* that he has a prejudice against the sale of liquor.

2. One who believes that "a minor is as able to buy a glass of beer as a man of forty," and confesses in the jury-box that he is not in favor of enforcing the law prohibiting such first-named sale, is not a proper juror in a case involving the alleged violation of said law, although upon inquiry by the court he states that he thinks he can render a verdict in accordance with the law and evidence.

3. The peremptory challenge of a juror, after a challenge for cause has been erroneously overruled, will not cure the error where it appears that the party so challenging exhausted his peremptory challenges, as he may have been thereby obliged to retain a juror whom he would otherwise have excused.

4. Fairness to parties litigant demands that the jury should be free from bias and prejudice in all cases, and that they enter upon the trial with a single desire and purpose of doing equal and exact justice between the parties, and that according to the law and the evidence given them in open court; and when a juror confesses himself prejudiced against the enforcement of the law or against the party, he is not a fair juror, and should not be permitted to sit in judgment upon the rights of others who are seeking redress under and according to law. *Monaghan v. Ins. Co.*, 53 Mich. 246.

5. A sale of liquor to a minor under the age of 18 years gives a right of action for damages under Act No. 92, Laws of 1877, which cannot be lessened by the fact of sales by others to the minor, and proof of such sales is inadmissible in such a case.

6. In a suit under Act No. 92, Laws of 1877, to recover damages for the sale of liquor to a minor under the age of 18 years, proof of such sale entitles the plaintiff to $50 actual damages at least, and to such exemplary damages as the jury see fit to award under all of the circumstances of the case, not exceeding the amount claimed in the declaration.

Error to Wayne. (Brevoort, J.)    Argued June 21, 1888.    Decided November 1, 1888.

Case.    Plaintiff brings error.    Reversed.    The facts are stated in the opinion.

*James H. Pound ( C. J. Lowrie,* of counsel), for appellant.

*Charles Flowers,* for defendant.

LONG, J.    This is an action on the case, brought in the circuit court for the county of Wayne, under sections 2268 and 2269 of Howell's Statutes, being Act No. 92 of the Public Acts of 1877 of the State of Michigan, which provides—

" That every person who shall by himself, or by any clerk, servant, agent, or employé, sell, give, or furnish, or cause to be sold, given, or furnished, any intoxicating, spirituous, malt, brewed, or fermented liquors, cider or wine, or any liquor or beverage any part of which is intoxicating, spirituous, malt, brewed, or fermented, to any minor under the age of 18 years, and every person who shall by himself, or by his clerk, servant, agent, or employé, permit or allow any such liquor, cider, wine, or beverage to be sold, furnished, or given to, or to be drank by, any such minor in his or her store, shop, saloon, restaurant, bar-room, or place of business where such liquors or beverages are kept, furnished, or sold, shall be liable for both actual and exemplary damages therefor, to the father, mother, guardian, or master, or any person standing in place of a parent to such minor, in such sum not less than $50 in each case, as the court or jury shall determine."

Section 2269.    " The damages in all cases provided for in this act, together with the costs of suit, shall be recoverable in an action of trespass on the case before any court of competent jurisdiction.    And in any case where parents shall be entitled to such damages, either the father or the mother may sue alone therefor; but recovery by one of said parties shall be a bar to a suit brought by the other."

The declaration alleges that on the first day of May, 1885, said defendant was engaged in the business of selling at retail in the city of Detroit, in said county of Wayne, malt, brewed, and fermented liquors, to wit, lager beer, wine, ale, and spirituous and intoxicating liquors, to wit, whisky, brandy, gin, and rum, and that said defendant has continued in said business of selling at retail malt, brewed, and fermented liquors, and spirituous and intoxicating liquors, from thence hitherto.

That on the 26th day of February, 1887, defendant sold, gave, and furnished, and caused to be sold, given to, and furnished, intoxicating, spirituous, malt, brewed, and fermented liquors, to wit, whisky, brandy, gin, wine, and lager beer, to Frank Theisen; said Frank Theisen, being the son and child of the plaintiff, and a minor under the age of 18, to wit, of the age of 15, years, to the plaintiff's damage $500.

That the defendant on the said 1st day of May, 1885, and on divers other times between that day and the commencement of this suit, at the city of Detroit aforesaid, has sold, given to, and furnished, and has caused to be sold, given to, and furnished, intoxicating, spirituous, malt, brewed, and fermented liquors, to wit, whisky, brandy, gin, wine, and beer, to Frank Theisen; he, said Frank Theisen, being the son and child of plaintiff, and a minor under the age of 18 years, to wit, of the age of 15 years.

That the defendant on said 1st day of May, 1885, and on divers other times between that day and the commencement of this suit, at the city of Detroit, has sold, given, and furnished, and has caused to be sold, given, and furnished, intoxicating, spirituous, malt, brewed, and fermented liquors, to wit, whisky, brandy, gin, and lager beer, to Albert Theisen; he, the said Albert Theisen, being also a son and child of the plaintiff, and a minor

under the age of 18, to wit, of the age of 16, years, to the plaintiff's damage of $500.

And that the defendant on the said 1st day of May, 1885, and on divers other times between that day and the 1st day of October, 1886, at the city of Detroit aforesaid, sold, gave, and furnished, and caused to be sold, given, and furnished, intoxicating, spirituous, malt, brewed, and fermented liquors, to wit, whisky, gin, brandy, and lager beer, to George Theisen; he, the said George Theisen, being also a son and child of the plaintiff, and at the time of furnishing to him by the defendant of the intoxicating liquors as aforesaid a minor under the age of 18, to wit, of the age of 17 years, to the plaintiff's damage of $500, etc.

And that the defendant is not and has not been since the 1st day of May, 1885, aforesaid, engaged in the business of a druggist.

And that by reason of the giving, selling, and furnishing to her said children, Frank Theisen, Albert Theisen, and George Theisen, by the defendant, of the intoxicating, spirituous, malt, brewed, and fermented liquors as heretofore alleged, she, the said plaintiff, has been deprived of the earnings of her said children, to wit, $1,000; and the said plaintiff has also been deprived of the labor and assistance of her said children, of the value, to wit, $1,000.

And that said plaintiff has been caused great shame, mortification, and disgrace on account of the forming by her said children of intemperate habits, caused by the furnishing to them, said children of plaintiff, by the defendant, of the intoxicating liquors as hereinbefore alleged, to her great damage, to wit, $1,000; whereby the plaintiff claims that by virtue of the provisions of sections 2268 and 2269 of Howell's Statutes of the State of Michigan, being Act No. 92 of the Public Acts of 1877.

of the State of Michigan, an action has accrued to her to recover the damages hereinbefore alleged, and all other damages, to wit, $5,000, etc.

The plaintiff recovered verdict and judgment for the sum of $100, and removes the case to this Court by writ of error.

The plaintiff's first two assignments of error relate to her objections, made during the time of the impaneling of the jury for the trial of the cause. The jury were sworn on their *voir dire*, and the following question asked of the juryman August Lemmer:

"Have you any conscientious scruples against the enforcement of the law relating to the sale of liquor to minors?

"*A*. I think a minor is as able to buy a glass of beer or whisky as a man forty years old. I don't think it is a good law, and I am not in favor of it."

Plaintiff's counsel challenged the juror for cause, on the ground that he was unfavorable to the enforcement of the law. The juror, in reply to a question by the court, said he thought he could render a verdict in accordance with the law and evidence. The challenge was not allowed by the court, and the plaintiff excepted.

The following questions were put to the juror Francis Rozier:

"*Q*. Are you in favor of enforcing the liquor law?
"*A*. No, not exactly.
"*By the Court*. What do you mean by that?
"*A*. I mean that I do not like the way they are being enforced now.
"*By the Court*. The question is, what do you mean by 'enforcing the law?' This is an action brought to recover damages for the sale of liquors to a minor. Do you believe that your prejudices are so strong that you cannot render a verdict according to the testimony and law?
"*A*. Not in this case.
"*By the Court*. That is a very strange statement for a juror to make. What do you mean by that?

72 MICH. 19.

"*A.* I think they should go according to law, if it was a minor.

"*Q.* If it were a grown person you would not go according to law?

"*A.* Yes, sir.

"*By Plaintiff's Counsel.* I challenge the juror for cause.

"*The Court.* This is rather an extraordinary statement for a juror to make. I suppose every man feels himself bound to follow the law, whether good or bad. It is not for us to complain of the law. If the people are not satisfied with it, they have a right to have it changed. You are, as I understand, prejudiced against the law, but you think you could render a verdict according to the evidence and law given you in this case. Is that it?

"*A.* Yes, sir."

The court thereupon refused to allow the challenge for cause, and plaintiff excepted.

When Mr. Drouillard, a juror, was asked by defendant's counsel: "Are you in favor of the stringent prohibitory laws?" the question was objected to as immaterial and incompetent. The objection was overruled, and plaintiff excepted. Witness was then asked by counsel for defendant: "Have you any prejudice against the sale of liquor?" Same objection, ruling, and exception. The juror answered that he had. The court properly permitted these questions to be answered by the juror, and, if defendant's counsel · had insisted upon his challenge for cause, the court should have allowed such challenge, and excused the juror. There is no error in the ruling of the court in permitting such an examination.

Both plaintiff and defendant exhausted their peremptory challenges. The juror Lemmer was challenged by the plaintiff peremptorily. The jury was then sworn, being composed of the juror Rozier, heretofore referred to, and others. The plaintiff should have been allowed her chal-

lenge for cause as to the juror August Lemmer. His answer to the questions propounded to him by counsel showed very clearly his prejudice against the law and the case on trial. One who believes that "a minor is as able to buy a glass of beer or whisky as a man of forty," and who confesses in the jury-box that he is not in favor of enforcing the law, is not a proper juror, although upon inquiry by the court he stated that he thought he could render a verdict in accordance with the law and evidence. Parties are entitled to have their cases in courts of justice tried before jurors who will hear, try, and determine them according to the law and the evidence given them in open court, and not by men who do not believe in the law and its enforcement. Fortunately for the public such a man as this juror shows himself to be cannot be allowed to sit in judgment on his fellows, or to take into his keeping in the jury-box the fortunes of other men. The court should have excused him when challenged by counsel for cause. It will not do to say that this error was cured by the fact that counsel afterwards challenged the jury peremptorily, as it appears from the record that counsel upon both sides exhausted their peremptory challenges. There may have been others upon the jury whom counsel might desire to challenge peremptorily, and have been unable to excuse by reason of having exhausted his challenges.

The juror Francis Rozier should have also been excused when challenged for cause. He was not exactly in favor of enforcing the law, although he thought they should go according to law if it was a minor. He confesses a prejudice against the law, though he thought he could render a verdict according to the law and evidence. With such a juror in the box, the plaintiff at the outset must overcome this prejudice before she could have her case fairly and conscientiously considered. The party is put to a

disadvantage in the trial of his case with such jurors, and courts should not compel parties to resort to and exhaust their peremptory challenges on such jurors. Fairness to parties litigant demands that the jury should be free from bias and prejudice in all cases, and that they enter upon the trial of the cases with the single desire and purpose of doing equal and exact justice between the parties, and that according to the law and the evidence given them in open court; and when a juror confesses himself prejudiced against the enforcement of the law or the party, he is not a fair juror, and should not be permitted to sit in judgment upon the rights of others who are seeking redress under and according to law. *Monaghan v. Ins. Co.,* 53 Mich. 246 (18 N. W. Rep. 797).

Testimony was given on behalf of the plaintiff tending to prove the facts alleged in the declaration. The defendant controverted these facts, and the whole case was submitted to the jury under a very fair charge from the court. The minors were examined as witnesses by plaintiff, and on direct examination by plaintiff's counsel testified that they had not drank at any other place than that of defendant. Testimony was offered by defendant, and received by the court under objection of plaintiff's counsel, tending to show that they had drank at other places. This testimony was incompetent, and should have been excluded. It was not competent for plaintiff to prove that these minors had not drank at other places. That was wholly immaterial, and, had defendant made objection to its introduction, it should have been excluded. We do not think that damages under this statute can be lessened or enhanced from the fact that a minor may have drank at other places, nor can the liability be apportioned merely because the injury was due in part to the acts of others than the defendant. This was the view held by this Court in *Steele v. Thompson,* 42 Mich.

596 (4 N. W. Rep. 536), in which Mr. Justice GRAVES, delivering the opinion of the Court, says:

"Now, the statute we are considering proceeds upon the idea that there has been an injury which the defendant, by some of the means indicated, has contributed to produce, and that he shall be liable for the whole injury, and not merely for such portion as a jury, if able to agree upon any scale of apportionment, may assign as his actual share or quota."

And we are of the opinion that under this statute it is immaterial whether others had made sales to the minors or not. If the defendant made sales to them, and they were under the age of 18 years, it was a violation of the statute, and gave the plaintiff a right of action for damages, and these damages could not be lessened by the fact of sales made by others.

The only remaining question which we need to discuss arises upon the charge of the court. It is claimed by plaintiff's counsel that the statute is to be construed as fixing the amount of recovery at $50 for each sale. The court construed it as meaning for each trial. It is evident that "in each case" means in each particular instance or cause. The word "case," as used in this statute, is synonymous with cause. It cannot be said that the Legislature, in fixing the minimum of the recovery to be had for the violation of this statute, intended to make the penalty for each sale the sum of $50. That this is the true construction of these words is evident from the language employed in the section following:

"Damages in all cases provided for in this act, together with the costs of suit, shall be recovered in an action of trespass on the case before any court of competent jurisdiction."

That is, where the claim for damages alleged in the declaration shall bring the case within the jurisdiction of a court of record, if the plaintiff is entitled to recover

at all, he shall at least recover a minimum amount fixed by the statute, and, in addition thereto, his costs of suit. If the construction contended for by plaintiff's counsel was to be given to this statute, then the jury would have no other duty to perform, in ascertaining actual damages, except to multiply the number of sales made by the penalty fixed by the statute.    It is evident the Legislature intended that, in prosecutions for damages under this statute, if the jury found liquors had been furnished to a minor under the age of 18 years, in violation of the act, then the plaintiff might recover the penalty, which should in no case be less than $50 for actual damages, and such exemplary damages as the jury might find under all the circumstances of the case.    It might appear by the evidence given that the plaintiff had suffered a much larger amount in actual damages than $50, and this the jury could give, up to the amount claimed in the declaration, if, under the circumstances of the case, the facts of the case warranted it, and the plaintiff had sustained actual damages to that amount, together with such exemplary damages as they might find were warranted by the circumstances of the case.

For the errors pointed out the judgment of the court below must be reversed, with costs, and a new trial ordered.

SHERWOOD, C. J., CHAMPLIN and MORSE JJ., concurred.    CAMPBELL, J., concurred in the result.