## HENRY C. STERLING v. ROBERT C. CALLAHAN.

*Intoxicating liquors—Sale to minor—Action by parent—Damages —Evidence—Remarks of court—Instructions.*

1. Proof of the furnishing of intoxicating liquors to a minor is sufficient to warrant a recovery by the father of at least $50 damages, under section 20 of Act No. 313, Laws of 1887, which makes any person who sells or furnishes intoxicating liquors to a minor liable for both actual and exemplary damages therefor, to the father or mother, in such sum, *not less than $50 in each case,* as the court or jury shall determine.[1]

[1] In *Theisen v. Johns,* 72 Mich. 285, it was held that the phrase, " not less than $50 in each case," refers to the cause tried, and that where the claim for damages alleged in the declaration brings the case within the jurisdiction of a court of record, if the plaintiff is entitled to recover at all, he shall at least recover $50 and

2. It is error to instruct the jury that, if they discredit one of the plaintiff's witnesses, their verdict must be for the defendant, where there is other competent testimony before them to support the averments of the declaration.

3. Counsel can be usually safely trusted to pass such criticisms upon witnesses as the occasion demands, and the circuit judge should avoid anything calculated to impress the jury with his own views as to the facts; citing *Railroad Co. v. Kirkwood*, 45 Mich. 51; *Wright v. Towle*, 67 Id. 255; *Lovejoy v. Michels*, 88 Id. 15.

4. Where the jury have apparently accepted and acted upon an erroneous instruction of the circuit judge given on his own motion, the error is none the less damaging because the instruction was accompanied by an opposing one, given on the request of one of the parties.

Error to Wayne.   (Brevoort, J.)   Submitted on briefs January 12, 1893.   Decided February 3, 1893.

Case.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion.

*Henry M. Cheever*, for appellant.

*Ralph Phelps, Jr.*, and *William B. Jackson*, for defendant.

MONTGOMERY, J.   The plaintiff sued to recover damages caused by a sale of liquors to his minor son, and produced, as witnesses to prove the sales and intoxication of the son, Robert Millard and Fred White and the son himself.   The testimony need not be set out at length.   Suffice it to say that each of the three witnesses gave evidence tending to support the allegations contained in the declaration.

The circuit judge charged the jury, in part, as follows:

"Now, gentlemen, without referring to any part of the evidence, I leave the matter wholly to you.   It is for you to say under all circumstances, has this plaintiff made a case by a preponderance of evidence?   That is to say, if

the costs of suit; and in *People v. Neumann*, 85 Mich. 98, it was held that furnishing liquor to a minor is "letting him have it," and that it is not necessary to hand the liquor to the minor in order to furnish it to him.

you do not believe the evidence of this boy, your verdict will be for the defendant. And right here let me tell you that, if the witness falsifies his testimony, you have the right to disregard all of it. You have seen him; you have heard the manner in which he has spoken to you, and seen the manner in which he has acted. He told us here that he wanted to be one of the boys. Does that mean he wanted to be a loafer, a rounder, a blackguard, and a thief, or what does it mean? I leave it for you to say. The manner in which he has given his testimony, and the manner in which he has acted, that you have a right to pass upon and the right to criticise."

Another portion of the charge is as follows.

"Now, as I said before, do you believe his testimony? Did he buy this liquor from Callahan, that his mother said started him on his career downward? Because, gentlemen, if he did not buy any liquor there, or if he did not buy liquor enough that it might be so connected with and effective in causing actual loss to plaintiff, he cannot recover. It is not sufficient for plaintiff to show the mere furnishing of intoxicating liquor to his minor son to entitle him to recover, but such furnishing must be in such quantities, and under such circumstances, that the jury can fairly infer that plaintiff was actually damaged thereby."

In another part of the charge a request of plaintiff was given, as follows:

"If you find that the boy drank liquor, beer, or whisky in defendant's saloon (that is what I have already said to you), and that the same was there furnished by him or his barkeeper, the plaintiff is entitled to recover the sum of at least $50."

It is apparent from the reading of this charge that it cannot be sustained as law.

1. There was ample testimony, aside from that of the son, to support the averments of the declaration. It was therefore error to charge that, if the jury discredited the son, the verdict must be for the defendant.

2. It was also eminently unfair to the plaintiff for the

circuit judge to refer to this young man's testimony in such scathing terms as he saw fit to employ. Counsel representing parties can be usually safely trusted to pass such criticisms upon witnesses as the occasion demands, and the circuit judge should avoid anything calculated to impress the jury with his own views as to the facts. *Wright v. Towle,* 67 Mich. 255; *Marquette, etc., R. R. Co. v. Kirkwood,* 45 Id. 51; *Lovejoy v. Michels,* 88 Id. 15.

3. The court was also in error in charging that it is not sufficient for plaintiff to show the mere furnishing of intoxicating liquors to his minor son to entitle him to recover, but that such furnishing must be in such quantities, and under such circumstances, that the jury can fairly infer that the plaintiff was actually damaged. This instruction is directly in the face of the statute. 3 How. Stat. § 2283e3. See, also, *Theisen v. Johns,* 72 Mich. 285. As the jury apparently accepted and acted upon this instruction of the circuit judge, given on his own motion, it was none the less damaging error that such instruction was accompanied by an opposing instruction, given on request of one of the parties.

The other questions presented on the record are not likely to arise again.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.