## CLARA A. CRAMER v. CHARLES W. DANIELSON.

*Liquor traffic—Civil damage act—Constitutional law—Sale to minor—Evidence.*

1. Section 20 of Act No. 313, Laws of 1887, which makes any person who sells or furnishes intoxicating liquors to a minor liable for both actual and exemplary damages therefor to the father or mother in such sum, not less than $50 in each case, as the court or jury shall determine, is not open to the objection that, in authorizing the recovery of a fixed sum without proof of actual damages, it amounts to the taking of property without due process of law.

2. The Legislature but recognized a well-known fact in assuming that a sale of intoxicating liquors to a minor son of necessity works an injury to any parent to whom the information comes of such a disregard of right.

3. It is competent for the defendant, in a suit by a mother to recover damages for the sale of liquor to her minor son, to show in mitigation of damages that the plaintiff had been in the habit of furnishing the boy liquor, and had furnished him liquor until he became intoxicated from its use.

Error to Genesee.   (Newton, J.)   Submitted on briefs March 9, 1894.   Decided March 27, 1894.

Case.   Defendant brings error.   Reversed, unless plaintiff remits all above $50 and the costs in the trial court. The facts are stated in the opinion.

*Clarence Tinker,* for appellant.

*Henry C. Van Atta,* for plaintiff.

MONTGOMERY, J.   This is an action brought under the civil damage law.  The declaration alleges that defendant sold to plaintiff's minor son, Albert Rhino, two bottles of whisky, on the 5th day of January, 1891, and that the son became intoxicated from the use of the liquor, and

that the "plaintiff has been caused great shame, mortification, and disgrace as well by the intoxication of her said son as aforesaid as by his forming intemperate habits, for all of which said plaintiff claims both actual and exemplary damages, as provided by section 20, Act No. 313, of the Public Acts of the State of Michigan for the year 1887.". The plaintiff recovered a verdict and judgment for $100, and defendant appeals.

1. The defendant assigns error in the instruction of the court as follows:

"If you are satisfied that the son of the plaintiff was under the age of 21 years on the 5th day of January, 1891, and the defendant sold, gave, or furnished to such minor intoxicating liquors, called whisky, the plaintiff would be entitled to recover from the defendant both actual and exemplary damages in not less than $50."·

The defendant contends that the provision of the law which provides for the recovery of not less than $50 in each case is unconstitutional, and it is contended that a provision which, in the absence of proof of actual damages, authorizes a recovery for a fixed sum, amounts to a taking of property without due process of law. We do not think the statute open to the objection suggested. The Legislature by the enactment but recognized a well-known fact in assuming that a sale of intoxicating liquors to a minor son of necessity works an injury to any parent to whom the information comes of such a disregard of right. The statute has been twice construed by this Court, and enforced. *Theisen v. Johns*, 72 Mich. 285; *Sterling v. Callahan*, 94 Id. 536. There was no error in the instruction complained of.

2. The defendant's counsel, on cross-examination of the plaintiff, put the following question:

"Haven't you seen him [the minor son] intoxicated within the last six months by liquor you have furnished him yourself in your own house?"

The question was objected to, and defendant's counsel then stated that the testimony was offered in mitigation of damages, and further stated that he proposed to show that the plaintiff had been in the habit of furnishing the boy liquor, and had furnished him liquor until he became intoxicated from its use. The testimony was excluded. We think this was error. The testimony offered would not have amounted to a complete defense, but, as bearing upon the extent of plaintiff's injury, was not only admissible but important. The injury which the plaintiff sustained in this case consisted mainly of the shame and mortification and mental anguish induced by discovery of the fact of her son's use of intoxicating liquor, and of his intoxication resulting from its use. It needs no argument to demonstrate that a mother who had herself been in the habit of furnishing intoxicating liquors to her minor son would not be affected by the discovery of such a wrong on the part of defendant as is here counted on to any such degree as would one who was not so lost to the sense of parental responsibility.

It is suggested by the appellee that the statute was passed as much for the protection of the minor as the parent, and for the express purpose of deterring and preventing liquor-dealers from furnishing intoxicating drinks to minors. This is true; but a criminal prosecution is also provided for the violation of the provision prohibiting sales to minors, and the remedy here sought is created in favor of one who is presumed to have sustained damage by reason of the wrongful sale, and any testimony which legitimately bears upon the extent of these damages should be admitted.

The other questions presented by the appellant are not likely to arise upon a new trial.

The judgment will be reversed, with costs, and a new trial ordered, unless the plaintiff shall elect to remit from

the verdict all in excess of the sum of $50, and costs, in which event the judgment will stand as a judgment for $50, and the costs of the court below, and defendant will be entitled to set off, against this, costs of this Court.

The other Justices concurred.