PURVIS v. SEGAR.

INTOXICATING LIQUORS —ILLEGAL SALES—DAMAGES—COSTS.
    Section 5399, 2 Comp. Laws, gives a plaintiff the right to
    recover costs in a civil action begun in the circuit court for
    the illegal sale of intoxicating liquors, although the damages
    awarded are less than $100.

Error to Gratiot; Stone, J. Submitted October 16, 1902. (Docket No. 78.) Decided January 27, 1903.

Case by Charles E. Purvis against James A. Segar and others for the illegal sale of liquor to plaintiff's minor son. From a judgment for plaintiff, but awarding costs to defendants, plaintiff brings error. Reversed.

*Searl & Kress*, for appellant.

*John T. Mathews*, for appellees.

MONTGOMERY, J. The only question presented in this case is which party is entitled to costs in a suit under the civil-damage act, originally instituted in the circuit court, in a case where the recovery is for $100 or less. The circuit judge was of the opinion that the general statute as to costs governed the case, and awarded the costs to defendants. Plaintiff brings error.

In *Dikeman* v. *Harrison*, 38 Mich. 617, which was an action by the wife for damages for sales made to her husband, the court held that, as there was no special statute relating to such a case, the general statute governed, and, as the recovery was for precisely $100, costs were awarded to the defendant. The court said:

"The case is a hard one, and we cannot but think the legislature would have exempted it from this rule if the matter had been brought to their attention."

When the case of *Dikeman* v. *Harrison* arose, there was a statute (Act No. 92, Pub. Acts 1877) which contained the same provision as to actions for damages for sales to minors as is now found in the general statute, hereinafter quoted; but this statute was, of course, not considered in that case. The present statute (2 Comp. Laws, § 5399) reads:

"The damages in all cases arising under this act, together with costs of suit, shall be recoverable in an action of trespass on the case before any court of competent jurisdiction."

In *Theisen* v. *Johns*, 72 Mich. 285 (40 N. W. 727), Mr. Justice LONG construed this statute to mean:

"Where the claim for damages alleged in the declaration shall bring the case within the jurisdiction of a court of record, if the plaintiff is entitled to recover at all, he shall at least recover a minimum amount fixed by the statute, and, in addition thereto, his costs of suit."

It may be said that this language was not necessary to a decision of the case. Nevertheless, it was used in an interpretation of the statute, and evidently fully considered. Moreover, it has undoubtedly been since acted upon by the courts of the State. As this decision was handed down in 1888, we should hesitate to overrule it, even if it were of more doubtful accuracy; but, considering the state of the law when *Dikeman* v. *Harrison* was decided, and the expressions of the court with reference to it, we think the inference that this statute was designed to remedy a recognized evil is a fair one, and that Justice LONG correctly interpreted the statute.

Judgment reversed, and judgment entered here for costs of both courts in favor of the plaintiff.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.