McDONALD *v.* CITY ELECTRIC RAILWAY CO.

1. CARRIERS—STREET RAILWAYS—INJURIES TO PASSENGERS—PREMATURE START—INSTRUCTIONS.

Where, in an action for injuries to a passenger, the issue is whether plaintiff was injured while leaving a moving car or by the starting of the car while in the act of alighting, defendant is entitled to a requested instruction that, while it was defendant's duty to stop the car to afford plaintiff an opportunity to alight, yet its failure to do so would not give plaintiff the right to jump from the moving car.

2. SAME—MISLEADING INSTRUCTIONS.

Instructions examined and *held* misleading as authorizing recovery if plaintiff attempted to alight from a moving street car on failure of the carrier to stop it as requested.

3. TRIAL—INSTRUCTIONS—CURE OF ERROR.
　　Where a proper request has been refused and language employed in its stead which is calculated to induct the jury into the very error which the charge requested was designed to guard against, a conflicting instruction will not cure the error unless it clearly appears that the jury could not have been misled.

Error to St. Clair; Tappan, J. Submitted April 15, 1904. (Docket No. 29.) Decided July 27, 1904.

Case by Daniel McDonald against the City Electric Railway Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Phillips & Jenks*, for appellant.

*Avery & Walsh* (*S. A. Graham*, of counsel), for appellee.

MONTGOMERY, J. The plaintiff recovered a verdict and judgment of $5,000 for injuries received while alighting from one of defendant's cars.

The declaration contains two counts, and in each it is alleged that the defendant's servants brought the car to a stop, and that, while plaintiff was in the act of alighting, the car was suddenly started, throwing plaintiff down and causing the injuries complained of.

The evidence on the trial was in sharp conflict. The testimony on the part of plaintiff tended to support the declaration, while that on the part of the defendant tended strongly to show that the plaintiff attempted to alight while the car was in motion, and before it was brought to a stop.

In one portion of the charge the circuit judge clearly defined the issue and charged the jury as follows:

"Now, gentlemen, upon these claims of the parties I charge you that you are to determine from the evidence and facts submitted to you whether the defendant company so stopped its car when it did stop it as to permit the

plaintiff to alight and get safely clear from the car before again starting up; whether, in alighting from the car at the point where he did alight, the plaintiff exercised that due care and caution in alighting that men of ordinary prudence would use under like circumstances; and whether, while the defendant was endeavoring to stop its car, and before it actually did stop, the plaintiff jumped from the moving car, as claimed by the defendant, and thereby became himself responsible for the injury."

Had this been the whole of the charge upon the subject, and had no request been preferred by defendant upon the subject, there would be no difficulty in saying that the subject was fairly covered. Defendant, however, did prefer a request which asked the court to say to the jury, in substance, that, while it was the duty of defendant to stop its car to afford the plaintiff an opportunity to alight, yet the failure to do so would not give the plaintiff the right to jump from the moving car. Clearly the defendant was entitled to this instruction, in view of the issue presented by the declaration. It was not given, but, apparently in lieu thereof, the court gave the following:

" While it is the duty of the defendant to stop its car at the point where plaintiff requested to be let off, if he did so, notwithstanding the fact defendant carried him past that point, this would not excuse the plaintiff, or give him a right to jump off from a rapidly moving car, if you find he did so jump. If, under these circumstances, you find that as a fact the plaintiff jumped from the car moving at a rate of speed that should restrain men of ordinary care and prudence from alighting from a car under such circumstances, then your verdict should be for the defendant; "

—And added, on his own motion, the following:

"I further charge you that the plaintiff cannot be charged with contributory negligence because he was riding in the vestibule instead of taking a seat inside of the car; further, that it was the duty of the employés in charge of the car upon which plaintiff was riding to bring the car to a full stop, and allow the plaintiff sufficient time to alight before again starting; that, when the car was brought to a full stop, it was incumbent upon plain-

tiff to step off the car, and away from it, in a careful and prudent manner; that if the employés of the company, or either of them, failed to bring the car to a stop, and allow the plaintiff sufficient time to alight and to get away from it while he was trying to do so in a careful and prudent manner, but, instead, started the car up suddenly while he was in the act of alighting, and thus injured the plaintiff, then the defendant is liable, and your verdict should be for the plaintiff."

We cannot escape the conclusion that the instruction was well calculated to mislead the jury, and constituted error for which the case should be reversed, unless the error is cured by what took place at the conclusion of the charge.

At the conclusion of the charge the court requested of counsel as to whether there was anything further, and counsel for plaintiff then stated: "Here is one request. I think your honor has covered it, but I would like to have it given." The request was then submitted to defendant's counsel, who objected to its being given, and requested that the defendant's request presented upon this theory should be given. The court then charged the jury according to the request of the plaintiff, as follows:

"If plaintiff alighted from the car when in motion, he would be guilty of contributory negligence which would prevent his recovery. I think it is fully covered in the charge given, in connection with the qualification that he is not to step off the car."

This instruction so given was disassociated from defendant's theory, and in conflict with the charge as previously given, although accompanied by a statement that it was thought to be fully covered. When conflicting instructions are given, it ought to be made clearly to appear that the jury could not have been misled. This is especially true where a proper request has been refused, and language employed in its stead which is calculated to induct the jury into the very error which the charge re-

quested was designed to guard against. See *Sterling* v. *Callahan*, 94 Mich. 536 (54 N. W. 495).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.