SCAHILL v. ÆTNA INDEMNITY CO.

1. INTOXICATING LIQUORS—SEVERAL LIABILITY OF SURETY.
    2 Comp. Laws, § 5398, creates a joint and several liability against the bondsmen of liquor dealers enforceable in an action against the surety alone.

2. SAME—PROXIMATE RESULT—PRINCIPAL AND SURETY.
    The mother of a minor, whose arrest and conviction for larceny resulted from the sale of liquors and the formation of bad habits during the period covered by the surety's bond, in the saloon of defendant's principal, may recover from the surety damages sustained, although the injury occurred after the termination of the suretyship.

3. SAME—EXEMPLARY DAMAGES.
    Knowledge of the fact that the purchaser of liquor is a minor is not required to be shown under the statute in order to recover exemplary damages.

Error to St. Clair; Law, J.   Submitted January 21, 1909.   (Docket No. 30.)   Decided July 6, 1909.

Case by Mary Scahill against the Ætna Indemnity Company under the civil-damage act.   A judgment for plaintiff is reviewed by defendant on writ of error.   Affirmed.

*John B. McIlwain* (*Frank T. Wolcott*, of counsel), for appellant.

*Frank R. Schell*, for appellee.

MONTGOMERY, J.   This is an action brought under the civil-damage act to recover damages for the sale of liquor to the plaintiff's minor son.   The defendant was surety upon the bond of Troy & Tokarski, which bond became effective May 1, 1906.   The firm continued in business until the 24th of June, 1906, when Tokarski ceased to be connected with the business, and it was continued by John Troy alone.

Three contentions are made: *First,* that the court erred in holding that this action could be maintained against the surety company alone; *second,* that the court erred in allowing the jury to find damages against the defendant resulting from the minor's drinking, larceny, and arrest after defendant's liability on the bond had terminated by the dissolution of the partnership; *third,* that the court erred in allowing the jury to find exemplary damages.

1. The statute (2 Comp. Laws, § 5398) reads in part as follows:

" And the principal and sureties to the bond hereinbefore mentioned shall be liable severally and jointly with the person or persons so selling, giving, or furnishing any spirituous, intoxicating, or malt liquors, as aforesaid, and in an action provided for in this section, the plaintiff shall have a right to recover actual and exemplary damages."

If the surety is, as the statute provides, severally liable,

it is difficult to conceive why an action may not be brought against him alone. Language could not well be plainer than that employed in the statute itself, and we need not enlarge upon it.

2. As to the second contention of the defendant, the evidence disclosed that for the period when Troy & Tokarski were still running the business, from May 1st to June 24th, the plaintiff's son, who was a minor about 18 years of age, was almost daily in their place of business drinking intoxicating liquors, and, as he himself testified, was intoxicated in that place about an average of twice a week, and that after he was intoxicated they would continue to furnish him liquor. This continued all summer, and there was evidence tending to show that on the 6th of November, while the son was intoxicated, he committed a larceny in this same saloon, and was arrested therefor and convicted.

The circuit judge charged the jury that, as the evidence showed that the partnership of Troy & Tokarski was dissolved on the 24th of June, the defendant company would not be liable for illegal sales of liquor to plaintiff's minor son after June 24, 1906, but that the defendant would be liable for the result of sales between May 1, 1906, and June 24, 1906, if any damage resulted from such sales; and it was competent for the plaintiff to show that her son drank intoxicants after June 24, 1906, but that she could not charge the surety company with responsibility therefor unless the jury should find that he subsequently drank liquor as the result of his habits formed previous to June 24, 1906. The court added:

"In other words, the defendant, Ætna Indemnity Company, is not at all responsible for sales to plaintiff's minor son, unless such sales were made by Troy & Tokarski between May 1 and June 24, 1906, and for the bad habits and character of the minor son that can be directly traced to such sales, if any bad habits and character can so be traced by you."

In reference to the arrest of the minor son, the court said:

"Now, before you can consider this matter at all as bearing upon plaintiff's damages, you must first find that the liquor sold or furnished to the minor son by Troy & Tokarski, or either of them, or their bartenders, between May 1 and June 24, 1906, has some part in causing the said minor to commit the crime, through causing him to form bad habits and a bad character."

We think these instructions fully guarded the rights of the defendant. It was the theory of the plaintiff that during this period of time, namely from May 1st to June 24th, the acts of the firm of Troy & Tokarski had contributed at least to form the habits which resulted in all the damages that followed. Had the subsequent sales been by an entirely distinct party, as in legal effect they were, the contribution to the downfall of the young man by the firm of Troy & Tokarski would have rendered the indemnity company liable. See *Merrinane* v. *Miller*, *ante*, 279, 285 (118 N. W. 11, 122 N. W. 82), and cases cited.

3. As to the question of exemplary damages: The court charged the jury, carefully defining the term "exemplary damages," and the only contention made against his instruction is that exemplary damages should not be awarded at all, for the reason that there was a want of evidence that Troy & Tokarski knew that the plaintiff's son was a minor. The young man was a witness upon the stand. He was in fact about 18 years of age at the time this liquor was served him, and it is hardly conceivable that there would not have been something in his appearance to have indicated his minority. But, independent of this, the statute relating to minors fixes no such condition. Again referring to section 5398, we find it provided:

"Every person who shall by himself, or by any clerk, servant, agent, or employé, sell, give or furnish * * * any intoxicating, spirituous, malt, brewed or fermented liquors * * * to any minor * * * shall in addition to all other penalties provided therefor by this act, be liable for both actual and exemplary damages therefor, to

the father, mother, guardian or master, or any person standing in place of a parent to such minor, in such sum, not less than fifty dollars in each case, as the court or jury shall determine."

This statute was construed and its validity affirmed in *Cramer* v. *Danielson*, 99 Mich. 531 (58 N. W. 476). See, also, *Sterling* v. *Callahan*, 94 Mich. 536 (54 N. W. 495).

No error appears in the record. Judgment will be affirmed.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.