HINK *v.* SHERMAN.

1. DAMAGES — CIVIL-DAMAGE ACT — INTOXICATING LIQUORS — MINORS, SALE OF LIQUOR TO.

   It is misleading to charge the jury that a plaintiff who brings action against a retail liquor dealer for selling intoxicants to her minor son, may recover at least $50 and such exemplary damages in addition thereto as the jury might think she ought to recover, and that the actual damages are such as the mother would really suffer, not less than said $50.

2. SAME—INTOXICATING LIQUORS—EXEMPLARY DAMAGES.

   In civil-damage actions under 2 Comp. Laws, §§ 5398, 5399, damages of a merely punitive or penal nature are not recoverable.

3. SAME — PUNITIVE DAMAGES — EXEMPLARY DAMAGES — WORDS AND PHRASES.

   The exemplary damages referred to by the statute are limited to such increased compensation for mortification, mental anxiety, or injury to feelings as could fairly be said to flow from the wanton or wilful invasion of rights.

4. SAME.

   The minimum of $50 damages, fixed by the statute, includes actual and exemplary damages, and a verdict for that amount is warranted by proof of a single sale.

5. SAME.

   In so far as the opinion in the case of *Theisen* v. *Johns*, 72 Mich. 285 (40 N. W. 727), authorizes recovery of other damages than such compensation for injury to feelings and like elements, or intimates that exemplary damages, in addition to the amount claimed in the declaration, are recoverable, it is overruled.

6. SAME—INSTRUCTIONS TO JURY.

   The words "exemplary damages," "punitory damages" and "vindictive damages" should be omitted in charging the jury in this class of cases.

7. SAME.

   Without the offer of substantive proof that she suffered actual damages, or damages from injury to feelings, the plaintiff should be limited to the minimum fixed by statute.

Error to Lapeer; Smith, J. Submitted October 7, 1910. (Docket No. 11.) Decided February 1, 1911.

Case by Mary Hink against Robert F. Sherman, principal, and David Willis and Jesse Cypher, as sureties on a liquor bond, for the unlawful sale of intoxicating liquor to plaintiff's minor son. Judgment for plaintiff of $500. Defendant brings error. Reversed, and judgment reduced to $50.

*W. E. Brown*, for appellants.

*B. F. Reed*, for appellee.

McALVAY, J. Plaintiff, the mother of a minor son of the age of 18 years, recovered a judgment against defendants, a retail liquor dealer and his sureties, under sections 5398, 5399, 2 Comp. Laws, for the unlawful sale of spirituous and intoxicating liquors to said minor. The facts in the case were disputed by defendants. What such facts were for the greater part is immaterial, and no benefit can be derived by any one from their statement, and pointing out wherein the parties disagreed. The verdict of the jury determined necessarily that an unlawful sale had been made to the minor, and such verdict was supported by evidence.

The errors relied upon and discussed by appellants have to do entirely with the charge of the court, refusals to charge, and refusal to grant a new trial. The most important questions in the case are those which are raised upon the assignments of error to the charge of the court and refusals to charge upon the question of damages.

The statute under which the suit was brought respecting unlawful sales of intoxicating liquors to minors provides that the person so selling—

"Shall, in addition to all other penalties provided therefor by this act, be liable for both actual and exemplary damages * * * in such sum, not less than fifty dollars in each case, as the court or jury shall determine."

At the request of plaintiff, the court, upon the question of damages, charged:

"I charge you, further, that, if you find that the defendant or any of his clerks sold Frank Simmons any of the intoxicating liquors that have been mentioned, on any of the dates mentioned,  *  *  *  then the plaintiff is entitled to recover at least $50 and such exemplary damages in addition thereto as you think she ought to recover."

And further, upon his own motion:

"The actual damages are such as this mother would actually and really suffer, and the statute says it shall not be less than $50. It may be as much more as you think the actual damages to her are. There is no great amount of evidence of any actual damages above the $50. It does not appear that the boy contributed any great amount toward her own support.  *  *  *
"I charge you further, on the part of the plaintiff, that in determining the amount of exemplary damages, you will award the plaintiff such a sum as will compensate her for the injury to her feelings, if any such injury exists, caused by the wanton, reckless, and unlawful acts of the defendant or his agents in selling the intoxicating liquor to  *  *  *  the minor son of plaintiff. The amount of exemplary damages can be any amount which the good judgment and common sense of the jury settle upon."

The evidence in the case showed that the minor was the son of plaintiff by a former marriage, and that she had remarried four to five years before the claimed sales; that the minor during that time had worked out most of that time, and had been at the home of his mother but a small portion of the time. There is no evidence that she depended upon him for her support, and during all that time he had given her but $1. Defendants admit that the question of whether the claimed sales to the minor were made was a question for the jury to determine.

It is insisted that the erroneous portions of the instructions above quoted are:

"*  *  *  Then the plaintiff is entitled to recover at

least $50, and such exemplary damages in addition thereto as you think she ought to recover," and "the actual damages are such as this mother would actually and really suffer and the statute says it shall not be less than $50. It may be as (much) more as you think the actual damages to her are."

We think this charge was misleading and erroneous. The court did not correctly state the terms of the statute, which are:

"* * * Shall be liable for both actual and exemplary damages therefor * * * in such sum not less than fifty dollars as the court or jury shall determine."

In this case it will be necessary to determine whether, under this statute, which provides that a violator "shall be liable for both actual and exemplary damages," a different rule shall be applied from the one well settled in this State, that all damages recoverable in civil actions are compensatory, and not by way of punishment. The question arises, in the case at bar, and similar cases under this statute, upon claims that charges to juries with respect to the measure of damages are erroneous because of the improper use of the terms "exemplary" and "actual."

In *Scripps* v. *Reilly*, 38 Mich. 10, 23, this court re-affirmed and restated the meaning in this State of actual damages, saying:]

"(1) In any injury entitling the party to redress, damages to the person, property, and reputation, together with such special damage as may be shown, are recoverable.

"(2) Where the act done is one which, from its very nature, must be expected to result in mischief, or where there is malice or wilful or wanton misconduct, carelessness, or negligence so great as to indicate a reckless disregard of the rights or safety of others, a new element of damages is allowed, viz., for injury to the feelings of the plaintiff.

"(3) Damages for injuries to feelings are only allowed in those torts which consist of some voluntary act or very gross neglect, and depend in amount very much upon the degree of fault evinced by all the circumstances.

" (4) Where the tort consists of some voluntary act, but no element of malice, carelessness, or gross negligence is shown to have existed, but that the wrong was done in spite of proper precaution, the damages to be awarded on account of injured feelings, will be reduced to such sum as must inevitably have resulted from the wrong itself.

" (5) Where, however, the elements exist in a case, entitling a party to recover damages for injured feelings, the amount to be allowed for shame, mental anxiety, insulted honor, and suffering and indignation consequent on the wrong, may be increased or aggravated by the vindictive feelings, or the degree of malice, recklessness, gross carelessness or negligence of the defendant, as the injury is much more serious where these elements, or either of them, are shown to have existed.

" (6) This increase of damages dependent upon the conduct of the defendant must be considered in this State as actual damages, although usually spoken of as exemplary, vindictive, or punitory, and the amount thereof to be recovered, where recoverable at all, as they are incapable of ascertainment by any other known rule, must rest in the fair and deliberate judgment and discretion of the jury acting upon their own sense of justice in view of all the circumstances, both mitigating and aggravating, appearing in the case, and which can fairly be said to give color to or characterize the act, aided, however, by such instructions from the court as will tend to prevent the allowance of damages merely fanciful, or so remote as not fairly resulting from the injury."

It has been the rule in this State for many years that damages in civil cases must be limited by some rule of compensation which has been adhered to. It is true, charges have been sustained where exemplary damages have been referred to as " punitory " or " vindictive " (*Ross* v. *Leggett*, 61 Mich. 452 [28 N. W. 695, 1 Am. St. Rep. 608]), but the court has in no case not dependent on statute given sanction to the distinct instruction that the jury may award a sum by way of punishment to the defendant, by whatsoever term such sum may be designated.

"As the case must go back for a new trial, we think it proper to say that in defining exemplary damages to the jury, while the circuit judge was probably within the law,

inasmuch as no further instructions upon that subject were asked, yet we deem it better for the court to caution the jury, that the added damages in a case of this character should be such damages as will compensate the plaintiff for injury to her feelings occasioned by the wrong of the defendant. While it may not be error to refer to exemplary damages as such, yet it has never been the policy of the court to permit juries to award captiously any sum which may appear just to them by way of punishment to the offender, but rather to award a sum, in addition to the actual proven damages, as what, in their judgment, constitutes a just measure of compensation for injury to feelings, in view of the circumstances of each particular case. *Scripps* v. *Reilly,* 38 Mich. 10." *Ford* v. *Cheever,* 105 Mich. 679, 685 (63 N. W. 975).

"Damages for injury to feelings, shame, mortification, mental anxiety, insulted honor, and indignation have always, in this State at least, been regarded as actual damages, and not as exemplary, punitory, or vindictive damages. *Scripps* v. *Reilly,* 38 Mich. 10. * * * Confusion arises from the use of terms in this class of cases, and it would be well if the terms 'exemplary damages,' 'punitory damages,' and 'vindictive damages' were omitted from the judicial vocabulary, in this class of cases at least." *Long* v. *Printing Co.,* 107 Mich. 207, 215 (65 N. W. 108).

"The court was in error, however, in instructing the jury that plaintiff was entitled to exemplary damages, in the absence of any explanation as to what was meant by that term. *Detroit Daily Post Co.* v. *McArthur,* 16 Mich. 447." *Lucas* v. *Railroad Co.,* 98 Mich. 1, 5 (56 N. W. 1039, 39 Am. St. Rep. 517).

"Wilful trespasses, assaults and batteries, libels and slanders, false imprisonment, and perhaps other actions, where the injury is in part to the feelings of the plaintiff, to his shame and humiliation, are cases where 'increased' damages may be given." *Durfee* v. *Newkirk,* 83 Mich. 522, 527 (47 N. W. 351).

In the statute quoted, *supra,* the words "actual" and "exemplary" are used with reference to damages to be recovered, and from the use of those words it is assumed that the rule already stated is not to be applied to cases under this statute, and that it was intended to change the rule relative to the measure of damages. No reason is

advanced why a different rule should be applied to cases of this kind. Upon consideration it will be seen that the elements of damage which enter into them are no other or different than in other tort actions for damages, namely, damages for injury to feelings, shame, mortification, mental anxiety, insulted honor, and indignation, which have always in this State been regarded as actual damages for which compensation is to be given, not smart money to be exacted.

We find but one case in this court under this statute from which it can be claimed that any other view has been taken, viz., *Theisen* v. *Johns*, 72 Mich. 285, 293, 294 (40 N. W. 727). In the opinion, Mr. Justice Long speaking for the court, we find the following language:

"It is evident the legislature intended that, in prosecutions for damages under this statute, if the jury found liquors had been furnished to a minor under the age of 18 years, in violation of the act, then the plaintiff might recover the penalty, which should in no case be less than $50 for actual damages, and such exemplary damages as the jury might find under all the circumstances of the case. It might appear by the evidence given that the plaintiff had suffered a much larger amount in actual damages than $50 and this the jury could give, up to the amount claimed in the declaration, if, under the circumstances of the case, the facts of the case warranted it, and the plaintiff had sustained actual damages to that amount, together with such exemplary damages as they might find were warranted by the circumstances of the case."

Later, this court, in opinions written by Mr. Justice Montgomery, in two cases, cited and approved this case. *Sterling* v. *Callahan*, 94 Mich. 536 (54 N. W. 495); *Cramer* v. *Danielson*, 99 Mich. 531 (58 N. W. 476). In these cases, however, the question under discussion was not involved. In a later case—*Haviland* v. *Chase*, 116 Mich. 216, 217 (74 N. W. 477, 72 Am. St. Rep. 519)—an action of trespass *vi et armis*, in affirming the rule that damages in civil cases should be limited by some rule of compensation, as laid down in *Scripps* v. *Reilly, supra*, Mr. Justice Montgomery, speaking for this court, said:

"The only apparent exception to this rule is created by statute (section 2283*b* 8, 3 How. Stat.), which provides for the recovery of actual and exemplary damages. In my own view, the recovery under the statute ought not to include smart money, but should be limited to such increased compensation for injury to feelings as could fairly be said to follow from wanton or wilful invasion of rights (see *Ford* v. *Cheever*, 105 Mich. 679 [63 N. W. 975]), but the statute has not always had this construction. The present case does not, however, arise under the statute."

The statute referred to is in terms identical with the statute under discussion. This last quotation is the only unanimous statement of this court found upon the question. In *Sterling* v. *Callahan, supra,* and *Cramer* v. *Danielson, supra,* an instruction that, if an unlawful sale was shown, the plaintiff would be entitled to recover both actual and exemplary damages in not less than $50, was held not to be erroneous.

Careful examination of the opinion in *Theisen* v. *Johns,* above quoted, and the statute which it gives at length, discloses that a mistake was made in the statement of the statutory provision. It does not provide that the plaintiff "might recover the penalty, which should in no case be less than $50 for actual damages, and such exemplary damages as the jury might find under all the circumstances of the case." The statute reads that the violator "shall be liable for both actual and exemplary damages therefor * * * in such sum not less than $50 in each case, as the court or jury shall determine." The minimum recovery of $50 fixed by the legislature includes "actual and exemplary" damages mentioned in the statute. This court has held that proof of an illegal sale is in itself sufficient to warrant the minimum recovery. *Cramer* v. *Danielson, supra.* Further, the statement in the *Theisen* v. *Johns* opinion, quoted *supra,* that a plaintiff under this statute might recover all actual damages which he could prove up to the amount claimed in the declaration together with such exemplary damages as a jury

might find were warranted by the circumstances of the case, is obviously an incorrect statement of law. In no case can a recovery be had for a greater sum than that claimed in the declaration. The case, therefore, so far as the question here involved is concerned, if it may be said to authorize a rule of damages in these cases different from the rule so long recognized in this State and stated at length in *Scripps* v. *Reilly, supra,* is overruled, and we adopt the view expressed by Mr. Justice MONTGOMERY in *Haviland* v. *Chase, supra,* that—

"The recovery under the statute ought not to include smart money, but should be limited to such increased compensation for injury to feelings as could fairly be said to follow from the wanton or wilful invasion of rights."

Such a determination is consistent with the reasoning upon which a well-established rule was founded.

In the charge the circuit judge did not, as he should have done, explain to the jury the theory according to which, under this statute, the plaintiff is entitled to recover the added, increased, or aggravated damages which are permitted when wilful, malicious, or vindictive conduct, on the part of the defendant, has caused the injury complained of. A suggestion of this court in a case already cited, that much confusion will be avoided in this State if the words "exemplary damages," "punitory damages," and "vindictive damages" are omitted from the judicial vocabulary in this class of cases is here emphasized by repetition. In the instant case there was no substantive proof of any actual damages whether pecuniary or added or increased damages. In order to recover the minimum amount fixed by the statute, no such proof was necessary. *Cramer* v. *Danielson, supra.* Under the proofs in this case, there being no evidence of actual damages, we must hold that no recovery could be had beyond the minimum fixed by statute. The request to so charge, presented by defendants, should have been given. Plaintiff, under the finding of the jury that the unlawful sales were made as claimed, was entitled to a verdict of $50, and costs of suit.

No further recovery was warranted. The judgment to the amount stated should stand. The parties have presented their evidence. The jury has found the material facts for plaintiff, and the statute fixes the recovery. A new trial cannot be of any benefit to either party. There is no contradictory testimony on the question of damages, and it was all introduced by plaintiff. For reasons pointed out, the judgment in excess of the statutory minimum amount is reversed and set aside, and affirmed as to the balance.

Defendants will recover costs of this court.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.