DICKMANN, Respondent, v. THOMAS, Appellant.

(154 N. W. 811.)

(File No. 3844.   Opinion filed November 16, 1915.)

1. **Intoxicating Liquors—Civil Damages—Sale to Drunkard—Suicide as Result of Intoxication—Degree of Proof, Reasonable Doubt—Insufficiency of Evidence.**

In an action for damages from sale of intoxicating liquors to plaintiff's husband, while under the influence of liquor, alleged to have resulted in his suicide, held, that the evidence was sufficient to warrant verdict for plaintiff, as against the objection of its insufficiency to sustain the inference of suicide; the evidence showing that the husband, after coming home drunk and quarreling with his wife, went to a bureau and then went out of the house, and a moment later there was a "gun crack," that immediately thereafter he was found lying on the ground groaning, with a hole in his breast, that lying near him was his shot gun, and that he died; there being no evidence tending to show death caused by the act of another or by other means than the gun. Held, further, that it is unnecessary to prove the suicide by evidence beyond a reasonable doubt; a mere preponderance being sufficient.

2. **Intoxicating Liquors—Verdict for Civil Damages—Sale to Drunkard—Breach of License Bond—Place of Sale—Sufficiency of Evidence.**

Evidence in a suit for damages from sale of intoxicants to plaintiff's intoxicated husband, resulting in his death, held sufficient to sustain the verdict for plaintiff, as against the objec-

tion that it failed to show a breach of defendant's license, in that the place of sale was not shown; the evidence tending to show that defendant was engaged in the saloon business at a town embracing the lot in question, and that the sale in question was made at his saloon; there being no evidence that he was operating more than one saloon in that town.

3. **Pleadings—Unfiled Answer—Calendaring of Cause for Trial— Court Rule—Raising Question, Necessity of.**

The objection that the case was not properly at issue for disposal on the trial calendar, in view of Circuit Court Rule 1, providing that pleadings upon which trial issues arise shall be filed before the cause is calendared, is not sustainable, where the record fails to show that the defendant in question served an answer, or that the alleged violation of rules was called to the attention of the trial court.

4 **Intoxicating Liquors—Damages for Sale to Drunkard—Evidence —Sales by Others, Materiality of—Non-joint Liability of Defendant With Other Sellers.**

In a suit under Pol. Code, Sec. 2849, providing that upon a trial under the provisions of that article, for acts done or injury inflicted by a person under the influence of liquor, it shall only be necessary to prove that defendant sold or gave away the liquors to the person so intoxicated, on the day or about the time when the acts were committed, and that, in an action by a married woman or other person whose support legally devolves upon the person disqualified by intemperance from earning the same, it shall only be necessary to prove that defendant has given or sold intoxicants to such person during the period of such disqualification, **held,** that it is no defense that another person than the defendant sold intoxicants to plaintiff's husband on the day of his death. **Held,** further, that, while such other persons might also be liable to plaintiff, for making such sale, it would not be a joint liability.

5. **New Trial—Newly Discovered Evidence—Collateral Issue— Abuse of Discretion.**

It is not an abuse of discretion to deny a motion for new trial on the ground of newly discovered evidence which does not tend to establish or disprove any issue, but either discredits plaintiff's testimony or relates to collateral issues.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Alice Dickmann, against F. C. Thomas, to recover damages caused by sale of intoxicating liquors to plaintiff's husband. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

. *W. V. Backus, O. D. Olmstead,* and *W. J. Hooper,* for· Appellant.

*Fred H. Free,* and *Roscoe Knodell,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: There is no proof of Dickmann's death by suicide. And cited: Cyc. of Ev. 113; Kornig v. Western Indemnity Company, 112 N. W. 1039.

(4) To point four of the opinion, Appellant cited: Pol. Code, Sec. 2849; Lockhard vs. Dan Alstyne, 120 N. W. 1; McCarty v. Wells, 4 N. Y. Sup. 672; McLeod v. Gerger, (Iowa) 6 N. W. 21.

Respondent cited: Theisen v. Johnson, (Mich.) 40 N. W. 727; Steele v. Thompson, 42 Mich. 596, 4 N. W. 536.

GATES, J. This is an action· by a widow, on behalf of herself and minor children, against a saloon keeper and his surety upon his bond, to recover damages caused by the sale of ·intoxicating liquors to· her husband, resulting, it is .alleged, in his suicide. Pol. ·Code, § 2849, and § 2844, as amended by chapter 247, Laws 1909. Verdict and judgment were rendered in favor of plaintiff in the sum of $1,000 against the defendant and his surety. From such judgment and an order denying a new trial, defendant has appealed. The surety company did not appear in the cause.

[1, 2] It is claimed that the evidence is insufficient to sustain the verdict. The evidence on behalf of plaintiff tended to show that the husband was in the habit of becoming intoxicated (Sandige v. Widmann, 12 S. D. 101, 80 N. W. 164); that he was in an intoxicated condition practically all of the time during the last month of his life; that on the afternoon of November 1, 1912, defendant sold him a bottle of whisky; that he drank part of it; that he came home drunk; that on the way he fell off the hayrack; that he quarreled with his wife, and threatened to throw her and their sick child out of the house; that he went to a bureau, and then went out of the house; that a moment later there was a "gun crack"; that immediately thereafter he was found lying. on· the ground near the barn groaning with a hole in his breast; that lying near him was his shotgun; and that he died. It is particularly urged that the evidence was insufficient to sustain the inference of suicide, and that there was no evidence to show a breach of the bond, in that the place of sale was not proven to be upon the lot and block described in defendant's license and bond. It was con-

ceded that defendant was duly licensed to engage in the business of selling intoxicating liquors on lot 19, block 19, of the city of Winner, S. D. The evidence tended to show that from July 17, 1912, to July, 1913, the defendant was actually engaged in the saloon business at Winner, and that the sale to plaintiff's decedent on November 1, 1912, was made at defendant's saloon. In the absence of any evidence tending to show that defendant was operating more than one saloon at Winner, we think the evidence sufficient to justify the jury in believing that the sale was made at the only place the defendant could, under the evidence lawfully carry on such business. The defendant urges that it must be proven beyond a reasonable doubt that defendant committed suicide, and that, measured by that rule, the evidence was insufficient to support the verdict. We are not aware of any rule of evidence applicable to this case, which required the allegations of the complaint to be proven by more than a preponderance of the evidence. The evidence above set forth tended to prove suicide. In the absence of any evidence tending to show that death was caused by the act of another or by any other means than the shotgun, the evidence offered was sufficient to justify the verdict.

[3] It is next urged that, because the answer of the surety company was not filed at the time of trial, the cause was not properly at issue. Circuit court rule 1 provides in part as follows:

"And no civil action shall be placed on the calendar until the summons and pleadings, upon which the issues to be tried arise, are filed."

Even if this were a question which any one besides the surety company could properly raise, we fail to find anything in the record indicating that the surety did serve an answer. Nor can we find that such alleged violation of the rules was ever called to the attention of the trial court.

[4] It is next urged that the trial court erred in excluding evidence offered to show that on the date of decedent's death he bought whisky from a drug store. Such evidence was wholly immaterial. Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081, 117 Am. St. Rep. 927, 8 Ann. Cas. 1125, Section 2849, Pol. Code, in part provides:

"On the trial of any suit under the provisions of this article the cause and foundation whereof shall be the acts done or in-

juries inflicted by a person under the influence of liquor, it shall only be necessary to sustain the action to prove that the defendant or defendants sold or gave away the liquors to the person so intoxicated or under the influence of liquor, whose acts or injuries are complained of, on that day or about that time when said acts were committed or said injuries were received; and in an action for damages brought by a married woman or other person whose support legally devolves upon a person disqualified by intemperance from earning the same, it shall only be necessary to prove that the defendant has given or sold intoxicating drinks to such person during the period of such disqualification."

If another person sold whisky to the husband of plaintiff at or about the same time, such other person might also be liable to plaintiff, but such liability would not be a joint liability. Kennedy v. Garrigan, 23 S. D. 265, 121 N. W. 783, 21 Ann. Cas. 392. In that case this court said:

"The Legislature has prescribed the amount and condition of the bond to be given by each seller of intoxicating liquors, but has nowhere limited by statute the damages except as to the amount in each individual bond which might be recovered. No provision for contribution between different sellers is found in the statute."

In this connection we quote with approval, as also applicable to our statute, the following from Theisen v. Johns, 72 Mich. 285, 40 N. W. 727:

"We do not think that damages under this statute can be lessened or enhanced from the fact that a minor may have drank at other places, nor can the liability be apportioned merely because the injury was due in part to the acts of others than the defendant. * * * And we are of the opinion that, under this statute, it is immaterial whether others had made sales to the minors or not. If the defendant made sales to them, and they were under the age of 18 years, it was a violation of the statute, and gave the plaintiff a right of action for damages, and these damages could not be lessened by the fact of sales made by others."

[5] It is lastly urged that a new trial should be granted on the ground of newly discovered evidence. The plaintiff first testified that she saw the defendant personally sell her husband whisky on September 23, 1912. This was more than a month before the particular sale complained of. Afterwards plaintiff cor-

rected the date to August 23, 1912. The affidavits offered show that on August 23, 1912, and for a continuous period before and after that date, defendant was in Nebraska. We fail to see the materiality of such evidence other than to discredit plaintiff's testimony generally. She did not claim to know where her husband purchased the whisky on the day of his death and her testimony, aside from the alleged sale in August, was practically undisputed. It is not an abuse of discretion to deny a motion for a new trial on the ground of newly discovered evidence, where such evidence does not tend to establish or disprove any issue within the pleadings, but either discredits the testimony of plaintiff or relates to collateral issues. Smith v. Mut. Cash. Guar. F. I. Co., 21 S. D. 433, 113 N. W. 94; Palmer v. Schurz, 22 S. D. 283, 117 N. W. 150; Axiom Min. Co. v. White, 10 S. D. 198, 72 N. W. 462; Brewster v. Miller, 31 S. D. 613, 141 N. W. 778; Libby v. Barry, 15 N. D. 286, 107 N. W. 972.

The judgment and order appealed from are affirmed.